THE STATE, EX REL. KILBURN, v. HUGH CONLAN.

1. The statute declares that each member of the township committee, a body composed of five members, shall continue in office until his successor shall have been elected. At an election held in 1893 there were only four committeemen elected. There were two members of the preceding year entitled to hold over. *Held,* that neither of the two could claim the right to fill the single vacancy.

2. The juncture was not provided for; it was a *casus omissus.*

On *quo warranto.*

Argued at November Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, GARRISON and LIPPINCOTT.

For the relator, *J. Frank Fort.*

For the defendant, *Edward L. Price.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The question inherent in this information is, whether Hugh Conlan, the defendant, is one of the committeemen of South Orange township.

The facts may be thus briefly stated, viz.: For the year 1892 the defendant, Conlan, and one Aschenbach were two of the township committee, that body being composed of five members. In the election of 1893 Conlan was a candidate, and the election, as to him, resulted in a tie, four of the other candidates being duly chosen. The forty-fifth section of the act of 1860 (*Rev.,* p. 1201) provides for the contingency of a

tie vote in one of these elections by the regulation that, in such event, the town committee, "at their next meeting, shall elect between those having an equal number of votes." Under color of this act, when the four township committeemen, newly elected as just stated, convened, Conlan, the defendant, presented himself and claimed the right, as a member holding over as a township committeeman of the previous year, to participate in their proceedings ; and accordingly, when the question arose which candidate of the two having an equal number of votes should be chosen, he cast a ballot for himself, and, with the assistance of two of the new committeemen, thus voted himself into office.

It is the office thus acquired that is now called in question.

The court is of opinion that it is plain that the plaintiff has failed to establish his right to this position. There can be no question that in ordinary cases, by the express provisions of the statutes of this state, the defendant had a right to continue in office, having been elected for the year 1892, until his successor had been elected. But it does not seem practicable to apply this provision to such an instance as the present one. The obstacle is that there are two members, viz., Conlan and Aschenbach, who have an equal claim to fill the vacancy in this board occasioned by the elective tie. These two men were members of the township committee of the year 1892, and they each had the right to continue in office until his successor was elected and qualified. Conlan was a candidate for re-election in the year 1893, but that circumstance gives him no preference over Aschenbach with respect to the right in question. As already stated the township committee, when full, consists of five members. At the last election only four were appointed, so that a successor to one of the two men just named has been elected whilst the other has not been so superseded. It is obvious, therefore, that it is quite idle of this defendant to assert, and to act upon the assertion, that it is his successor who has not been elected, and that, consequently, he has remained in office. Similarly an assumption

of a like kind in his own favor, on the part of Aschenbach, would be equally futile.

The court has reached the conclusion that this statutory regulation, extending a committeeman's term until his successor shall have been appointed, is impracticable when sought to be applied to such a case as that displayed in this record. Such a juncture exhibits a *casus omissus* in the act, which, of course, the court cannot supply. According to well-known rules, under such conditions, the provision referred to is inoperative.

The result is that the defendant had no right to sit as a member of the board on the occasion in question, and consequently judgment must go against him.