[Crim. No. 258.   Second Appellate District.—July 24, 1912.]

In the Matter of the Application of M. NAKANISHI for a Writ of Habeas Corpus.

CRIMINAL LAW—VAGRANCY—JUDGMENT OF IMPRISONMENT—CUSTODY OF CHIEF OF POLICE—CERTIFICATE OF JUDGMENT BY CLERK—HABEAS CORPUS.—A judgment of the police court of the city of Los Angeles based upon a conviction of a defendant charged with vagrancy, certified by the clerk of said court, and his commitment thereunder to the custody of the chief of police of that city, precludes any right of the defendant to a discharge on *habeas corpus*.

ID.—CERTIFIED COPY OF JUDGMENT OF IMPRISONMENT A SUFFICIENT WARRANT FOR DETENTION.—Under section 1455 of the Penal Code, relative to a judgment of imprisonment in a justice's or police court, "a certified copy thereof" is made "a sufficient warrant for its execu-

tion." It matters not when such certified copy of the judgment was given to the officer, it is, when delivered, a sufficient warrant for the detention of the custody of the prisoner.

Id.—Power of Clerks of Police Courts in Los Angeles.—Under the act of the legislature applicable to the city of Los Angeles, making provision for a clerk to serve in each department of the police courts of that city, it is provided that said clerks shall keep a record of their proceedings, and that certified transcripts of the dockets or files of said court, under the seal of said court, shall be evidence in any court of this state relative thereto. Under the act the clerk of the police court in which the judgment of imprisonment in question was rendered had authority to certify it under the seal of the court and to deliver it to the chief of police as his warrant to detain the prisoner.

APPLICATION for discharge on writ of *habeas corpus.*

The facts are stated in the opinion of the court.

· Charles S. McKelvey, and W. H. Stevens, for Petitioner.

Guy Eddie, City Prosecutor of City of Los Angeles, and Frank W. Stafford, Deputy City Prosecutor, for Respondent, Chief of Police of Said City.

JAMES, J.—Petitioner by this proceeding seeks to secure his discharge from the custody of the chief of police of the city of Los Angeles. In his petition for the writ issued herein he set out as ground therefor that no warrant or commitment of any kind had been issued to the chief of police directing his imprisonment, and that he was not held on any warrant of arrest, nor upon suspicion of having committed any public offense. The chief of police made return to the writ, showing that on the nineteenth day of June, 1912, in the police court of the city of Los Angeles, petitioner was adjudged guilty of a misdemeanor and ordered to be imprisoned in the city jail of said city for the term of one hundred and eighty days. The return then recites as follows: "That at said time a representative of your petitioner was present in said court; and under the said order so made and authority of the judgment entered by the said court, your respondent took the body of the petitioner and imprisoned him under the judgment and order of said court. A copy of which said judgment is hereto

annexed." Attached to the return, and over the certificate of the clerk of the police court and the seal of said court, is a copy of the docket record made in the case in which petitioner was charged with the crime of vagrancy. This record recites that petitioner pleaded guilty to the offense charged and waived time for sentence, "whereupon it was ordered and adjudged by the court, this nineteenth day of June, 1912, that for said offense the said M. Nakanishi be imprisoned in the city jail of Los Angeles city for the term of one hundred and eighty days, and that said defendant be discharged at the expiration of said term. H. H. Rose, Police Judge."

Section 1455 of the Penal Code, referring to proceedings in justices' and police courts, provides as follows: "When a judgment of imprisonment is entered, a certified copy thereof must be delivered to the sheriff, marshal, or other officer, which is a sufficient warrant for its execution." It appears by the return of the chief of police that a judgment has been regularly entered directing the imprisonment of the petitioner in the city jail, and respondent exhibits in this court a certified copy of the complete record, including the judgment. If this judgment as here exhibited is sufficient as to its certification to satisfy the requirement of section 1455 of the Penal Code, above cited, then the petitioner must be remanded, because the officer has received from the court sufficient authority evidenced in writing to justify the detention of petitioner. It matters not when this certified record, or certified copy of the judgment, was delivered to him, for it having been made to appear that a valid judgment was entered against petitioner, in order to authorize his imprisonment thereunder it was only necessary for the officer to possess duly authenticated evidence of the existence of the judgment. The certified copy of the record and judgment of the police court is made by the clerk of said court, and we are satisfied that it is regular in form and altogether sufficient. The act of the legislature providing for police courts in cities of the first and one-half class, and for officers thereof, makes provision for a clerk to serve in each department of that court, and provides that said clerks "shall keep a record of the proceedings of, and issue all processes ordered by, the city justices, or either of them, or by said police court, . . . ."; and further provides that "certified transcripts of the dockets or files of said court, certified by the

clerk of said court under the seal of said court, shall be evidence in any court of this state of the contents of said docket or of said files, as the case may be.'' (Stats. 1901, p. 95; Amdt. Stats. 1907, p. 136.) Under the provisions of the act of the legislature referred to, the clerk of the police court, in our opinion, has authority to make a certified copy of the judgment of said court and deliver it to the officer whose duty it is to take the custody of a defendant ordered to be imprisoned. And, in our opinion, it became the clerk's duty, when a judgment of imprisonment was regularly entered, unless otherwise directed by the police judge (and no such direction appears in this record), to forthwith make a certified copy of the judgment and deliver it to the proper officer. Such a certified copy of the judgment of imprisonment entered against the petitioner herein has been made and has been delivered to respondent, the chief of police. These facts appearing, the contention made by petitioner that he is illegally detained is completely answered.

The writ is discharged and the petitioner remanded.

Allen, P. J., and Shaw, J., concurred.