LARSON ET AL. v. DAYTON ET AL.

1. **Corporation**: STOCKHOLDERS: PERSONAL LIABILITY. Facts considered and held not to establish a personal liability on the part of certain stockholders in a corporation, to indemnify other stockholders for the signing of certain notes as surety for the corporation.

*Appeal from Allamakee District Court.*

WEDNESDAY, DECEMBER 10.

IT is averred in the petition that on the 21st day of January, 1865, the Village Creek Wool Manufacturing Company was duly organized under the laws of this State, and that the plaintiffs and defendants were stockholders of said corporation; that said corporation issued forty shares of stock of $500 each; that on the 25th day of February, 1867, said corporation, by its president, H. O. Dayton, executed and delivered to Edward Brownell its promissory note for $400, payable in twelve months, and at the request of the stockholders the plaintiff Ole Larson became surety thereon, and was obliged to pay thereon the sum of $378; that at the date of the execution of said note the defendants were stockholders of said corporation. It is further averred that other notes of said corporation, to other parties, were signed by other of the plaintiffs as sureties, and that such signatures were made at the request of the stockholders, and that plaintiffs have been compelled to pay off and discharge said notes. · All of the notes are particularly described in separate paragraphs of the petition. In an amendment to the petition it is averred that the sureties signing said notes were at the time stockholders in said corporation. "That they signed said notes for the purpose of raising additional capital for said corporation, and for the mutual benefit of all

the stockholders thereof; and that all of said notes were signed as aforesaid with full knowledge, approbation, assent, and at the request of said stockholders." The articles of incorporation of said company were exhibited with, and made a part of, the petition. The object of the action is to compel the members of the corporation to contribute their proportion of what the plaintiffs have been compelled to pay.

The defendants by their answer, in addition to a general denial of the allegations of the petition, denied that they were in any manner liable to the action of the plaintiffs, or responsible to the creditors of said corporation. Upon these issues the cause was referred to a referee, who upon a full hearing found that the plaintiffs were not entitled to recover. A motion was made to set aside the report of the referee, which was overruled, and a judgment was rendered in accord therewith. Plaintiffs appeal.

*John T. Clark & Co.*, for appellants.

*Dayton & Dayton* and *L. E. Fellows*, for appellee.

ROTHROCK, J.—I. The petition was filed on the 2d day of June, 1873. A motion has been filed by appellee to affirm the judgment of the court below upon the ground that it did not appear that there would be an issue of fact to try until the 19th day of November, 1873, and after the taking effect of the Code, and no motion nor order was made to try upon written evidence. The record is involved in some obscurity as to whether the appearance term was before the taking effect of the Code, and in view of the fact that the petition was filed on the 2d day of June, 1873, and it appears from an amended abstract that there was a term of court commencing on the 16th day of that month, the motion will be overruled. It is urged by the appellee that the original abstract does not purport to contain all the evidence. We think that the certificate of the referee found on page 30 of the abstract is a sufficient statement to that effect.

II. We have been somewhat particular in stating the issues which appear of record, for the reason that counsel for appel-

lant claim that there should be a recovery against the defendants, upon grounds other than those presented in the petition. The averments of the petition are that the corporation was duly organized, and that the defendants as stockholders are liable to contribution because they requested the plaintiffs to become sureties for the corporation.

The articles of incorporation provide that, "The private property of the members shall in no case be holden for the liabilities of the company beyond the amount of his subscription." Such a provision may be made in articles of incorporation of this character, and the private property may thus be exempt from liability for corporate debts, beyond the amount of the subscription. Code, section 1059.

The plaintiffs do not seek to recover because the defendants are indebted upon their subscription, nor because of any failure to comply with the law providing for the organization of corporations. The sole ground of recovery is that the defendants were stockholders and requested the plaintiffs to become sureties for the corporation. That this does not create a liability, certainly is apparrent. It involves no promise of indemnity, and no undertaking of any kind. It is argued that the liability of these stockholders is the same as the liability of members of a partnership. The rights of the parties are totally different. The individual members of a partnership are jointly and severally liable for the debts of the firm. In a corporation there is no liability of the individual stockholder, where the articles of incorporation so provide.

Evidence was introduced that the notes in question were made and executed at certain meetings of the stockholders, and that it was agreed at such meetings that each stockholder should bear his share of the obligations assumed by those who executed the notes. No record was made of any such agreement, and no distinct and personal promise to indemnify those signing the notes appears to have been made. This evidence is strongly contradicted by evidence that no such agreement was made, and if it were a question in issue we would be inclined to hold that such agreement is not shown by a preponderance of evidence. But, as we have seen, no such agree-

ment is alleged in the petition. Whether such contract, if pleaded and proved, would create a legal liability we need not determine.

AFFIRMED.