Taylor vs. North.

---

TAYLOR, Respondent, vs. NORTH, Appellant.

*February 4 — February 24, 1891.*

*Appeal, what considered: Contract to indemnify.*

1. Upon appeal from an order overruling a demurrer to an amended complaint, the supreme court cannot go back of the pleading demurred to in order to inquire whether it is regularly in the case.
2. A contract between stockholders of a company, by which each agrees with the others to indemnify such of the stockholders as then were or should thereafter become liable on the company's paper "by indorsement or otherwise," binds them to indemnify any stockholder who has become liable, in any of the modes known to the law, to pay the obligations of the company, and has paid them, although the words "or otherwise" are omitted from other portions of the contract where "indorser" is mentioned. *Taylor v. Coon, ante,* p. 76, followed.

APPEAL from the Circuit Court for *St. Croix* County. The facts are sufficiently stated in the opinion.

For the appellant there were briefs by *Bashford & Disney* and *R. H. Start*, and oral argument by *J. W. Bashford* and *R. H. Start*.

For the respondent there were briefs by *H. L. Humphrey* and *Ray S. Reid*, and oral argument by *Mr. Reid*.

LYON, J. This appeal is from an order overruling a demurrer to the complaint. The case in all its essential particulars, with a single exception, is like that of *Taylor v. Coon, ante,* p. 76. The defendant was a signer of the agreement in suit in that action, and the present action is upon the same agreement. The complaints in the two actions, with the exception mentioned, and the demurrers thereto, are substantially alike, and the rulings in that case are applicable here. The exception above mentioned is that, while in the *Coon Case* the complaint alleges that the plaintiff was indorser of the paper of the corporation, and was liable thereon as such when the agreement was executed, in this case it is alleged that, after the agreement was executed, and on the faith of it, plaintiff became liable "as indorser or otherwise" on notes made for the benefit of the corporation to the amount of $19,000, which amount the corporation has had the full benefit of and has failed to pay such notes. It is claimed on behalf of defendant that, as to obligations incurred after the execution of the agreement, the indemnity therein is confined to *indorsers* of the notes of the corporation, and the averment that plaintiff became liable on its notes as "indorser or otherwise" is a defective averment of the defendant's liability. We do not adopt this view. The agreement is that the signers thereof will indemnify the stockholders then liable upon the company's paper, or who should "thereafter become so, by indorsement or otherwise." Although the words "or other-

Taylor vs. North.

wise" are dropped from other portions of the agreement in which "indorser" is mentioned, there is nothing therein which affords any grounds for believing the signers intended to restrict their liability to those persons only who had indorsed the company's paper by writing their names in blank across the back thereof. The rules of strict construction, which a surety may successfully invoke, do not go to this extent. Such a construction of the instrument would be hypercritical. We think the agreement gives indemnity to any stockholder who became liable to pay such corporate obligation, in any of the modes known to the law, and who pays the same. Hence, in this respect, we conclude the complaint is sufficient. But the complaint fails to allege that the plaintiff has paid the obligations upon which he had become liable, or has suffered loss. Because of such failure the demurrer should have been sustained. The demurrer is to an amended complaint. It was urged in argument that such amended complaint was improperly allowed to be filed, and that the demurrer should have been sustained for that reason. The point is not well taken. On this appeal we cannot go back of the pleading to which the demurrer is interposed to inquire whether it is regularly in the case.

*By the Court.*— The order of the circuit court overruling the demurrer to the complaint is reversed, and the cause remanded, with directions to sustain the demurrer.