Gorder v. Connor.

---

CHARLOTTE GORDER ET AL., APPELLEES, V. JOSEPH A. CONNOR ET AL., APPELLANTS.

FILED DECEMBER 8, 1898.   NO. 8533.

1. **Corporations:** LIABILITY OF STOCKHOLDERS. Within the common-law rule there was no individual liability of stockholders in a corporation for its debts.

2. ———: ———: CONSTITUTIONAL LAW. Our constitution states and also limits the liability of a stockholder in a corporation for its debts. (See Constitution, art. 11, sec. 4, Miscellaneous Corporations.)

3. ———: ———: ———. The liability of a stock subscriber for corporate debts, except of a banking corporation, is measured by his unpaid stock subscription.

4. ———: ———: CONTRIBUTION. A voluntary assumption of the debt of a corporation, or a voluntary payment of its debt, or the two in combination, will not alone confer on a stockholder of the corporation the right to contribution from the other members.

5. ———: ———: ———: ASSUMPTION OF DEBT. An agreement by stockholders of a corporation to indemnify one for the personal assumption or payment of a corporate debt, or to contribute, may be enforced.

6. ———: ———: ———: ———: EVIDENCE. The evidence herein *held* insufficient to sustain a finding of such a promise or agreement by some of the stockholders of a corporation of indemnity or contribution to other of the stockholders for the assumption or payment of corporate debts by the latter.

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J. *Reversed.*

*Jesse L. Root, Allen Beeson, Byron Clark, C. A. Rawls,* and *Beeson & Root,* for appellants.

*A. N. Sullivan, contra.*

HARRISON, C. J.

In this, an appeal from a decree of the district court of Cass county, it appears from the pleadings and evidence presented in the record of the proceedings in the trial court that there was during the year 1887 duly formed and organized a corporation styled "The Plattsmouth Canning Company;" that during the course of its business career there were borrowed, for its use and benefit in its transactions, sums of money, and promissory notes were executed to evidence the debts created by such loans, which were signed by certain directors or officers of the corporation, not for the company or officially, but individually; that they thus became personally liable for the payment of said debts and finally did pay them. It was pleaded and put in issue that the appellants were stockholders of the concern, and authorized the borrowing of the moneys to which we have alluded; and that it was pursuant to such authorization that the loans were obtained and the debts contracted. It was uncontroverted that each stockholder had regularly paid to the corporation, or for its use, the full amount called for by his stock. It also appeared that to secure or indemnify against loss parties, directors or officers, who signed the notes given for the borrowed moneys, and who became personally liable therefor, there was executed and delivered to them a mortgage on the property of the corporation, which was by the mortgagees subsequently foreclosed, the decree of the trial court in a suit to subject the property to the payment of the debt being on appeal affirmed in this court. (See *Gorder v. Plattsmouth Canning Co.,* 36 Neb. 548.) In that action, after a sale of the property and application of

the proceeds to the extinguishment of the mortgage, there remained a deficiency, for which judgment was rendered against the corporation in the sum of $9,724.98. In the present action it was sought to recover of appellants such sums as it was asserted they severally were liable to contribute to reimburse appellees for the payments made by them in and about the business, and for the use and benefit of the corporation, inclusive of costs in lawsuits, $500 of which were stated to have been expended in the matter of the foreclosure of the mortgage on the property of the corporation, in favor of the appellees. Called out by statements in the answers filed for appellants there was an averment in the reply to the effect that nothing was herein claimed by reason of any liability of stockholders for the corporate indebtedness which arose or might have arisen by or through the neglect or failure to publish any notice of the financial condition of the corporation. The claim of appellees was based, then, on an obligation contractual in its origin, either expressed or implied, or on the proposition that one stockholder may be compelled to reimburse another for expenditures made for the use and benefit of the corporation by reason of the relations which they bear toward each other as members or stockholders of the corporation.

A member of a corporation such as the Plattsmouth Canning Company is individually liable for its debts to the extent of any unpaid stock subscription. (Constitution, art. 11, sec. 4, Miscellaneous Corporations.) The general rule of law is that members or stockholders of a corporation are not personally liable for its debts. (*Farmers Loan & Trust Co. v. Funk,* 49 Neb. 353; 3 Thompson, Corporations sec. 2925; 1 Cook, Corporations [4th ed.] sec. 11.)

"The liability of a stock subscriber for corporate debts, except he be a stock subscriber of a banking corporation, is limited to the amount of his unpaid stock subscription." (*Van Pelt v. Gardner,* 54 Neb. 701.) Each member

of the Plattsmouth Canning Company had paid in full
the amount of his stock and was no further individually
liable for its debts, and voluntary payment of a corpo-
rate debt by one stockholder could not create a personal
liability of other stockholders where none existed, and
raise the right to contribution. (*Cary v. Holmes*, 2 Allen
[Mass.] 501; *Andrews v. Callender*, 13 Pick. [Mass.] 484.)
There was in this case no claim of a forced assumption
of the debts of the corporation. There may be cases in
which the circumstances are such that to many the pay-
ments made by one or more of the members of a corpora-
tion would suggest that it would be but fair,—certainly
not unfair,—from a moral point of view, to contribute
to a reimbursement; but still there may be presented no
enforceable right within the rules which, through long
years of experience, examinations, and adjudications of
the like business transactions of men, have been estab-
lished as governable, because productive of the best re-
sults and of the greatest good and right to the majority
or greatest number.

It is further to be considered whether it was shown
that signing the notes by the appellees, and their becom-
ing liable for the corporate debts, was pursuant to prom-
ises or requests on the part of the other stockholders, or
were there any actions by the stockholders other than
the signers of the notes, inclusive of appellants, from
which an assumpsit or promise of contribution origi-
nated. For a review of some precedents on the subject
of assumpsit, and a discussion of it, see *Stuht v. Sweesy*,
48 Neb. 767. In the case at bar the utmost that can be
said of the evidence is that it discloses a knowledge on
the part of the stockholders that the loans were to be
obtained for the corporation, and authorization thereof;
and further knowledge of some members, inclusive of
some appellants, that a number of the members were
becoming personally liable for the payments, but no re-
quest, express or implied, that they act as they did in the
matters was shown, nor any promise to contribute or

reimburse shown; hence no liability was shown. (*Larson v. Dayton*, 52 Ia. 597, 3 N. W. Rep. 213.) It has been held that an agreement to indemnify or to contribute will be enforced. (*Taylor v. Coon*, 79 Wis. 76; *Taylor v. North*, 79 Wis. 86; 1 Cook, Corporations sec. 76; *Sterling Wrench Co. v. Amstutz*, 50 O. St. 484.) But the basis of the right is derived from the assumpsit or contract, and not primarily from the relations. As stockholders without the promise, the right would not arise or exist. It follows that the findings and resultant judgment in this action must be reversed and the cause dismissed.

REVERSED AND DISMISSED.