[S. F. No. 11133. In Bank.—April 30, 1924.]

A. L. FELT, Petitioner, v. HARRY C. WAUGHOP, City Clerk, etc., et al., Respondents.

[1] ELECTIONS—CERTIFICATION OF CORRECT LIST OF CANDIDATES—MANDAMUS PROCEEDING BY TAXPAYER—PARTIES.—A party seeking as a resident, elector, and taxpayer of a city to compel the city clerk, by writ of mandate to certify a new and correct list of candidates of the office of city attorney of said city to be voted for at an election, by including in said list the names of two candidates who have complied with all the requirements of the provisions of the city charter relating to the signing and filing of nomination papers and by omitting from said list the name of a third candidate, has such a beneficial interest in the outcome of the *mandamus* proceeding as to entitle him to maintain the same.

---

1. *Mandamus* as a proper remedy to enforce duties with respect to nominations, notes, 11 **Ann. Cas.** 914; **L. R. A.** 1917E, 480.

[2] ID. — MUNICIPAL CORPORATIONS — QUALIFICATIONS OF CITY ATTORNEY — CHARTER PROVISION — CONSTRUCTION. — The requirement of a city charter that the city attorney "must be qualified to practice in all courts of the State of California, and must have been so qualified for at least five years next preceding the day of his election," demands something in addition to the mere possession of intellectual and moral qualifications to entitle a candidate for the office to be admitted to practice law in the courts of this state. It requires that in addition thereto he must have been actually and formally admitted to practice by an order entered by a court possessing the requisite jurisdiction, and must have taken the prescribed oath requisite to entitle him to practice law in the courts of this state.

[3] ID. — DUTY OF CITY CLERK — MANDAMUS — DISQUALIFIED CANDIDATE. Where under the provisions of a city charter the city clerk is vested with no discretion other than to determine the question of fact as to whether or not the nominating papers of a candidate for the office of city attorney have been signed and filed in the manner prescribed in the charter, and the further question of fact as to whether or not the signers of the nominating petitions are qualified electors, and the city clerk finds that such papers are in order, he should follow the duty required of him by the charter in causing such candidate's name to be printed on the ballot; but in a *mandamus* proceeding for that purpose the city clerk may be compelled to omit such name from the ballot and the city council to omit such name from the list of candidates to be published in the proclamation of election, where it is shown that such candidate is not qualified to hold and exercise the office of city attorney for the reason he has not been qualified to practice in the courts of this state for the period required by the charter.

[4] ID. — MANDAMUS — CONSTITUTIONAL LAW. — Under section 4 of article VI of the constitution, the jurisdiction to issue the writ of mandate carries with it the authority to ascertain and determine whether or not the facts exist upon which its issuance is to be predicated.

[5] ID. — PART PERFORMANCE OF DUTIES OF CITY CLERK — MANDAMUS. The fact that the time has passed within which the city clerk may, in compliance with the charter provisions, make and deliver to the city council a correct list of candidates does not prevent the issuance of a writ of mandate to compel the city clerk and city council to omit the disqualified candidate's name from the ballot and from the list of candidates to be published in the proclamation of election.

PROCEEDING in Mandamus to compel City Clerk and City Council to print on ballots names of qualified candidates. Writ granted.

The facts are stated in the opinion of the court.

Anderson & Anderson and J. J. Hays for Petitioner.

Burr A. Brown, City Attorney, Denio & Hart and Matthew C. Simpson for Respondents.

MYERS, C. J.—Petitioner brings this proceeding as a resident, elector, and taxpayer of the city of Long Beach to procure a writ of mandate against the respondents respectively, city clerk and members of the city council of said city, to compel the city clerk to certify a new and correct list of candidates for the office of city attorney of said city to be voted for at an election to be held therein on the thirteenth day of May, 1924, by including in said list the names of two candidates who have complied with all the requirements of the provisions of the city charter relating to the signing and filing of nomination papers and by omitting from said list the name of a third candidate, Burr A. Brown, who has likewise complied with all of said requirements. Petitioner prays that said writ of mandate also require the city clerk to cause to be correctly prepared, printed, and delivered to the election officers correct official ballots to be used in said election in voting for city attorney by including thereon the names of said two candidates and omitting therefrom the name of said third candidate; also commanding said city clerk to cause to be correctly printed and mailed to each qualified elector sample ballots made up in conformity therewith. Petitioner also prays that the writ of mandate command the city council of said city to cause to be published its election proclamation containing a correct list of candidates for city attorney as above indicated.

Section 69 of article VII of the charter provides that within a specified time prior to the signing of the nominating petition of any candidate the candidate shall take an oath of affirmation therein prescribed and the same shall remain as a matter of record in the office of the city clerk. Section 70 provides that the name of a candidate shall be printed upon the ballot when a declaration of candidacy has been filed by the candidate and a petition of nomination has been

filed in his behalf "in the manner and form and under
the conditions hereinafter set forth." Section 71 pre-
scribes the form of the petition of nomination and provides
that it shall contain not less than twenty-five or more than
thirty-five signatures of qualified electors. Section 73 pre-
scribes the qualifications of such electors. Section 74 pro-
vides that every petition of nomination must be subscribed
and sworn to at the office of the city clerk before him or
one of his deputies. Section 75 provides that on the thirty-
fifth day before the day of election the city clerk "shall
ascertain whether the signers are duly qualified as herein-
before provided"; and if twenty-five or more signers are
found qualified then the city clerk shall so certify and shall
file the petition. Then follow provisions respecting supple-
mental nominating petitions in the event the first be found
to have been insufficiently signed. Section 78 provides for
the certifying of the list of candidates to the city council
by the city clerk and the publication of the list as so certi-
fied, by the city council, in the proclamation calling the
election. Section 79 provides for the printing of ballots and
that "the ballots shall contain the list of names and respec-
tive offices as published in the proclamation aforementioned,"
and prescribes the form thereof. Section 80 provides that
the city clerk shall print and mail sample ballots identical
with the ballot to be used at the election except as to
quality and color of paper and numbering.

The ground upon which petitioner seeks the removal of
the name of the one candidate from the certified list of
candidates and from the ballot is found in section 204 of
article XVIII of the charter which provides that the city
attorney "must be qualified to practice in all the courts of
the State of California and must have been so qualified
for at least five years next preceding the day of his elec-
tion." It is alleged in the petition herein that the two
candidates above referred to are so qualified and that the
third is not, it being alleged that the third candidate was
not admitted to practice in the courts of this state or in
any way qualified to practice therein prior to April, 1921.
Petitioner alleges that he has made demand upon the city
clerk to certify to the city council a correct list of candi-
dates for city attorney; that the clerk has refused to do so
and that since the demand the clerk has certified a list

to the city council including the name of the third candidate who is claimed to be disqualified. Petitioner has also demanded that the city clerk cause to be printed and mailed to the voters sample ballots containing a correct list of candidates, and to be prepared, for the election, official ballots containing such correct list and that the clerk refuses so to do and threatens to cause said ballots to be printed containing the name of said disqualified candidate. Petitioner also alleges facts from which it is made to appear that a demand upon the city council under the circumstances alleged would be unavailing. In response to an order to show cause herein respondents have appeared and filed a demurrer and answer. The demurrer makes the point that the plaintiff has not legal capacity to sue, in that he is not a party beneficially interested as required by section 1086 of the Code of Civil Procedure. A similar question was considered and determined by the district court of appeal in the case of *Conn* v. *City Council of the City of Richmond,* 17 Cal. App. 705, 710 [121 Pac. 714, 719]. **[1]** We are satisfied with the conclusion there reached and hold in accordance therewith that petitioner herein has such a beneficial interest in the outcome of this proceeding as to entitle him to maintain this action.

The other ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action, and this will be considered in connection with the merits of the case. The answer filed tenders certain issues of fact, but in so far as the determination of such issues would present an obstacle to the decision of this case upon its merits, they have been eliminated by stipulations entered into by the respective counsel at the hearing hereof.

Respondents admit that Brown, the third candidate, was not in fact admitted or licensed to practice law in the courts of this state prior to April, 1921. It follows from this that he is not qualified under the terms of the charter to hold and exercise the office of city attorney of that city. By way of affirmative defense in their answer respondents allege that said Brown was duly admitted, qualified, and licensed to practice law in all courts of the state of Iowa in 1911, and that ever since said time he has possessed the necessary intellectual and moral qualifications to entitle him to be ad-

mitted to practice law in the courts of this state. [2] We are satisfied that the requirement of the charter that "he must be qualified to practice in all courts of the State of California, and must have been *so qualified* for at least five years next preceding the day of his election," requires something in addition to the mere possession of the intellectual and moral qualifications above mentioned. It requires that in addition thereto he must have been actually and formally admitted to practice by an order entered by a court possessing the requisite jurisdiction, and must have taken the prescribed oath requisite to entitle him to practice law in the courts of this state. This conclusion finds some support in the case of *State* v. *Marks,* 30 La. Ann. 97, cited and quoted from in the recent case of *People* v. *La Barre, ante,* p. 388 [224 Pac. 750]. We thus have presented the case of a candidate for a municipal public office who has duly performed and complied with all of the requirements of the city charter requisite thereto, but who is in fact and in law disqualified from holding or exercising the office to which he is seeking to be elected.

[3] It is apparent under the provisions of the charter that the city clerk is vested with no discretion other than to determine the question of fact as to whether or not the nominating papers have been signed and filed in the manner prescribed in the charter, and the further question of fact as to whether or not the *signers* of the nominating petitions are qualified electors. Those facts must be determined by him from an inspection and investigation of the nominating papers thus presented to him, in connection with the register of voters and other public records. He is not vested with the authority or burdened with the duty of ascertaining or determining, either as a matter of fact or as a matter of law, whether or not the candidates who thus offer themselves are qualified to hold and exercise the offices which they are respectively seeking. Counsel on both sides in effect so concede. It would seem, therefore, on the face of the record to be the plain duty of the city clerk to do those things which he has done and is proposing to do and to refrain from doing those things which petitioner is here seeking to compel him to do. Upon the face of the record as presented to him there was nothing for the city clerk to do but that which he has done and that which

he is proposing to do. But when the real facts shall have been ascertained and determined by a competent tribunal, having jurisdiction so to do, to be different from the apparent facts as presented to the city clerk by his records his duty in the premises will be governed by the real facts so ascertained and determined. In the case of *Bordwell* v. *Williams*, 173 Cal. 283 [Ann. Cas. 1918E, 358, L. R. A. 1917A, 996, 159 Pac. 869], this court issued its writ of mandate to compel a county clerk to omit from the ballots to be prepared by him the name of a candidate who had complied with all of the requirements of the law necessary to place his name upon the ballot as such candidate, but who desired and had attempted to withdraw his candidacy for the nomination. In that case, as in this, it was the plain duty of the election officer, under all of the statutory provisions, to cause said name to be printed upon the ballots. It was argued there, as here, that the duty was mandatory upon the clerk to print the names of candidates appearing upon the certified list transmitted to him by the Secretary of State and upon that point this court said: "Undoubtedly the county clerk acts ministerially, and the information upon which he so acts is that received by him from the Secretary of State. But it does not follow that the certificate of the Secretary of State must finally conclude everyone with respect to the form and contents of the ballot." This court there referred to section 27 of the Primary Election Law as authority for its action therein. We do not find in the Long Beach charter any similar or equivalent provision, but so far as we are advised it has not been held by any court that the presence of such an express statutory provision or its equivalent is essential to the jurisdiction of a court of general jurisdiction to issue a writ of mandate in such a case as this. The contrary was expressly held by the supreme court of Nebraska in *Gorder* v. *Connor*, 56 Neb. 781 [77 N. W. 383, 385]. The jurisdiction of this court to issue the writ is conferred upon it by the constitution. (Art. VI, sec. 4.) [4] The jurisdiction to issue the writ carries with it the authority to ascertain and determine whether or not the facts exist upon which its issuance is to be predicated. Conceding, without deciding, that the mode and manner of exercising this jurisdiction is subject to regulation by the legislature, it follows that the writ will

issue herein only "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office. . . . " The fact is admitted herein that the candidate, Brown, has not been licensed or admitted to practice in the courts of this state for a period of five years next preceding the date of the election. We conclude therefrom that he is disqualified to hold and exercise the office of city attorney, and is therefore not qualified to be a candidate for that office. These facts thus determined render it the duty of the respondents herein, specially enjoined by law, to omit his name from the ballots and from the list of candidates to be published in the proclamation of election. [5] The time has passed within which the city clerk may, in compliance with the charter provisions, make and deliver to the city council a correct list of candidates. The necessity of omitting this certificate, however, presents no greater obstacle to the issuance of the writ than did the fact that the sample ballots containing Mr. Bordwell's name had already been printed and circulated at the time of the issuance of the writ in the Bordwell case. Some of the reasons why the writ should issue in a situation such as this are suggested in the following language from the opinion in the Bordwell case:

"This interpretation of the statute is in accord with the fundamental purpose of all election laws, i. e., to enable the voters to exercise a free, orderly, and intelligent choice. We can conceive of no good reason why a ballot should contain the name of a person who is not in fact a candidate for nomination, even though he may once have taken the steps which entitle him to become such candidate. The presence of his name (like that of a candidate who has died) could operate only to deprive uninformed electors of their votes, to the injury of one or more of the actual candidates, and to the possible perversion of the true popular will. We are not prepared to hold that the law requires this result. To give to the certificate of the Secretary of State the conclusive effect contended for by the respondent, would be to elevate form above substance. We believe, on the contrary, that the statute contemplates a submission to the electors of a choice between persons who are candidates in fact, and that where, from any cause, the ballots do not present that choice, the courts are authorized, under

section 27 of the act, to direct the officials having control of the preparation of the ballots to prepare them in proper form.''

The demurrer is overruled and it is ordered that a peremptory writ of mandate issue as prayed for herein, omitting therefrom the provision requiring the city clerk to certify a new and correct list of candidates to the city council.

Lennon, J., Waste, J., Shenk, J., Richards, J., and Seawell, J., concurred.