[S. F. No. 14007. In Bank.—August 6, 1930.]

JOSEPH B. DONHAM, Petitioner, v. GEO. E. GROSS, as County Clerk, etc., et al., Respondents.

Silverstein & Silverstein for Petitioner.

Earl Warren, District Attorney, Frank M. Ogden, Assistant District Attorney, and R. Robert Hunter, Deputy District Attorney, for Respondent County Clerk.

James P. Montgomery for Respondent Dalton.

U. S. Webb, Attorney-General, *Amicus Curiae.*

THE COURT.—Petition for writ of mandate, the effect of which will be to estop the respondent Henry P. Dalton from being a candidate for nomination for the office of county assessor of the county of Alameda at the approaching primary election. The respondent county clerk answers, and the respondent Dalton demurs and answers separately. Following his conviction on a charge of asking and receiving a bribe during his term of office as assessor of Alameda County, Dalton was, on the twenty-fourth day of July, 1911, sentenced to a term of eight years in the state prison. His conduct at the prison during his confinement was such as to entitle him to have thirty-two months deducted from the term for which he was sentenced. As a consequence, on the twenty-seventh day of November, 1916, Dalton was released from custody, the order of the Governor of the state reciting, pursuant to section 1579 of the Penal Code, that he be "restored to citizenship." Dalton has now registered as a voter of Alameda County, and has filed with the respondent county clerk a certificate entitling him, on its face, to become a candidate for the nomination for the office of assessor, unless some legal disqualification prevents.

As the ministerial officer charged with the duty of making all arrangements for the conduct of the approaching general county-wide primary, the respondent clerk takes the position that he is not required to ascertain whether or not a candidate who offers himself is or is not eligible to hold the office for which he stands, and that, therefore, he will place the name of Henry P. Dalton on the ballot unless legally restrained from doing so. ■ Petitioner contends that Dalton is barred from becoming a candidate for the office to which he aspires by the provisions of section 68 of the Penal Code, which declares that every executive officer

who asks and receives a bribe upon any agreement or understanding that his action upon any matter then pending, or which may be brought before him in his official capacity, shall be influenced thereby, in addition to a term of imprisonment in the state prison, shall be *forever disqualified from holding any office in this state.* The respondent Dalton defends against the contention of the petitioner on the theory ''that by the restoration to citizenship hereinabove mentioned'' he ''was thereby pardoned, restored to citizenship and to his right as an elector and his right to run and hold office.'' This court has held to the contrary. The executive act of the Governor, ordering the release of Dalton at the expiration of the term for which he was sentenced, less the number of months allowed and credited to him, was not a pardon, nor was it intended to be such. It did not purport to remove the guilt of Dalton, nor wipe away the infamy by the law of the land attaching to him by reason of his conviction. ''The stain of his iniquity, flowing from his conviction, is still left upon him by the Executive.'' (*People* v. *Bowen*, 43 Cal. 439, 443 [13 Am. Rep. 148].) As a consequence, the prohibition against his holding any office in this state, raised by section 68 of the Penal Code, is a present bar against the respondent Dalton's ambition to hold the office of assessor of Alameda County.

The attorney-general, appearing specially in this proceeding, takes the position that, under the plenary power granted the legislature by the Constitution, the law-making body has placed it beyond the power of the courts to inquire into the ineligibility of one to hold an office until such one has been elected to the office and attempts to function. A somewhat similar contention was advanced in *Felt* v. *Waughop*, 193 Cal. 498 [225 Pac. 862, 865], where this court said (193 Cal., p. 505) that the fundamental purpose of all election laws is ''to enable the voters to exercise a free, orderly and intelligent choice. We can conceive of no good reason why a ballot should contain the name of a person who is not in fact a candidate for nomination, even though he may once have taken the steps which entitle him to become such a candidate. The presence of his name . . . could operate only to deprive uninformed electors of their votes, to the injury of one or more of the actual candidates, and to the possible perversion of the true popular will.''

The decision in that case is also authority to the effect that a writ of mandate will lie in such cases.

From the answer of the county clerk it appears that, prior to service upon him of the alternative writ issued upon the filing of the petition herein, the required proclamation calling the primary election had been published in the newspapers in Alameda County, and sample ballots had been printed and addressed for mailing to the more than two hundred and twenty-seven thousand registered voters in the county. Owing to the near date of the election, it is now impossible to make another proclamation, and physically impossible to print and mail other sample ballots as required by law. These steps need not be interfered with.

The demurrer of the respondent Dalton is overruled, and it is ordered that a peremptory writ of mandate issue requiring and directing the respondent Geo. E. Gross, county clerk of Alameda County, to omit from the official ballot for the general primary election to be held in Alameda County on the twenty-sixth day of August, 1930, the name of Henry P. Dalton as a candidate for nomination for the office of assessor of Alameda County.