[S. F. No. 15008. In Bank.—November 28, 1933.]

FRANK C. SUNDER, Petitioner, v. CHARLES J. COL-LINS, as Registrar of Voters, etc., Respondent; DUNCAN MATHESON, Intervener.

Henry B. Lister for Petitioner.

John J. O'Toole, City Attorney, for Respondent.

John J. Dailey and Nat Schmulowitz for Intervener.

PRESTON, J.—By this proceeding the petitioner, a taxpayer of the city and county of San Francisco, prays for a writ of prohibition directed to respondent as Registrar of Voters of said city and county. ■ The petition is sufficient in form to be treated as an application in *mandamus* to compel said respondent to omit from the ballot for the coming November election in said city and county the name of Duncan C. Matheson as a candidate for the office of treasurer (*Donham* v. *Gross*, 210 Cal. 190 [290 Pac. 884]). The petition rests upon the sole ground that said Matheson is ineligible to hold said office because of the fact that he is now and for some years last past has been a beneficiary under the retirement system of said city and county, to wit, a pensioner thereunder. Duncan C. Matheson has intervened herein and denies that any provision of the charter of said city and county forbids him the right to seek and hold said public office under said city government. Moreover, he alleges that he is now an incumbent of said office and has consistently and continuously since January 8, 1932, caused to be deposited in the treasury to the credit of the city and county all sums received by him as a pension from said city and county, to wit, the sum of $208.35 delivered

to him monthly. Furthermore, he alleges that on September 18, 1933, he duly executed in writing a waiver and relinquishment of his right to receive said allowance as long as he may hold the said office, both during his present term and during any future term or terms to which he may be elected, and duly filed it with the retirement board of said city and county, and, about the same time, filed duplicates thereof with respondent and the mayor of said city.

The city and county of San Francisco on said January 8, 1932, adopted a new charter for its government and set up thereunder what is known as a retirement system. The pertinent provisions of the charter are as follows:

"No person retired for service or disability and in receipt of a retirement allowance under the retirement system shall serve in any elective or appointive position in the city and county service . . . nor shall such person receive any payment for service rendered to the city and county upon retirement . . . " (Sec. 163).

"Officers and employees of the city and county, except members of the police and fire departments, shall become members of the retirement system subject only to the following provisions, in addition to the provisions contained in sections 158 to 164 of this charter, both inclusive:" (Sec. 165.)

"Persons who are members of the police department on the 8th day of January, 1932, shall become members of the Retirement System on that date, subject only to the following provisions in addition to the provisions contained in sections 158 to 163, both inclusive, of this charter:" (Sec. 166.)

"Any member of the police department who shall have been retired and shall be receiving a pension on the 8th day of January, 1932, . . . shall continue to receive such pension, subject to the provisions of section 166 governing the payment of pensions. Such pension shall be paid by the retirement system, but no other benefits shall be provided for such retired members, widows, children, or parents." (Sec. 167.)

The intervener herein, after a long and honorable career as a member of the police department of said city and county, was, while acting as captain of detectives, and on September 3, 1929, retired from service pursuant to the

then existing charter of said city and county (chap. 10, art. VIII), the ground of retirement being injury and disability suffered while in the performance of official duty. Under these facts petitioner urges that section 163 of said new charter is applicable to the intervener and as a consequence thereof he is ineligible to hold office of any kind under the government of said city and county. Respondent and the intervener urge two or three plausible reasons why said inhibition is inapplicable. We need here discuss but one of them, as we are content to rest our conclusion upon the proper interpretation of the charter provision invoked.

Reading section 163 in connection with sections 165, 166 and 167, it will be readily observed that existing police officers will be members of said system only if they were in active service as such on January 8, 1932. Then to make it plainer that those police officers theretofore retired were not to become members of the new retirement system, section 167 was made to provide for their continued receipt of the allowance theretofore made for them, and no more, especially mentioning that further benefits to themselves, their widows, children or parents would not be recognized. Under section 168 of said charter the status of incoming members of the police department is declared and defined. In other words, under the present retirement system a police officer is under different restrictions and burdens and may receive greater benefits than a police officer retired under the old charter. In fact, the classification for retirement under the new charter is different in many respects from that obtaining under the old. It is clear, therefore, that the legislative intent is not to make the inhibition found in section 163 applicable to any other persons than those members of the retirement system declared such by the new charter; hence by its very terms this section excludes the intervener.

The peremptory writ is denied and the petition dismissed.

Waste, C. J., and Seawell, J., concurred.

THOMPSON, J., Concurring.—I concur in the decision, but not in the reasoning by which the result is reached. It is to be observed that the intervener in this case is not, in

so many words, declared to be disqualified from being a candidate, but only from serving or receiving pay for service while retired and in receipt of a retirement allowance. It is plain to me that the purpose to be served by the section of the charter is to prevent one who is in receipt of an allowance from also claiming a salary for public service with the city and county. If we may think of a retirement allowance as a salary, it is to remove the possibility of the taxpayers being compelled to pay a double salary. Therefore, until it is established that he is in receipt of such allowance, the intervener is not disqualified from serving, to say nothing about being a candidate. The petitioner has not only failed to establish such disqualification, but it is in evidence that the intervener has waived his allowance for the period covered by his occupancy of the office of treasurer. No persuasive reason has been suggested which prohibits him from waiving his right to an allowance, either at the time of his retirement from service or subsequently.

This construction of the section is re-enforced by the fundamental principle that every elector is eligible to be a candidate for an office, unless disqualified by a clear and unambiguous statute founded upon a substantial and sound reason.

CURTIS, J., Concurring.—I concur in the decision on the ground that the intervener was granted his pension under the old charter of the city and county of San Francisco, which placed no limitations nor restrictions upon his right to receive and enjoy said pension, like or similar to those contained in section 163 of the present charter. This was a vested right and the municipality could not by subsequent action, either through a charter provision or otherwise, divest him of this right, nor attach any burden thereto not provided for by the charter in effect at the time said pension was granted. (*Kavanagh* v. *Board of Police Fund Commrs.*, 134 Cal. 50 [66 Pac. 36] ; 20 Cal. Jur. 999.)