### STATE ex HEHR v BERRY et

Ohio Appeals, 3rd Dist

Decided Oct 16, 1936

David Creger, Upper Sandusky, for relator.

A. K. Hall, Upper Sandusky, for respondents.

**By THE COURT**

Sec 2783 GC, as amended in 116 Ohio Laws, 284, among other things provides that: "In all counties no person shall be eligible as a candidate for office of county engineer or be elected or appointed thereto, except a registered professional engineer and registered surveyor licensed to practice in the state of Ohio." Such is a valid exercise of legislative power. Article X, §1, Constitution of Ohio, adopted November 7, 1933, State, ex rel Atty Genl v Covington, 29 Oh St 102.

Under the provisions of §4785-1 et seq GC, and other sections of the General Code, no jurisdiction is vested either in the board of elections of a county or in the Secretary of State, as chief election officer of the state, to determine whether a person who has been nominated for an office under authority of §4785-87 GC, and to whom a certificate of nomination has been issued by the board of elections, possesses the qualifications of a candidate for such office; and under the provisions of §§4785-86 and 4785-98, GC, neither the board of elections nor the Secretary of State, until such time as a court of competent jurisdiction has held such a person to be disqualified, has any authority in the preparation of the ballot to do otherwise than place the name of such person thereon as a candidate at the ensuing general election.

Where, however, a court of competent jurisdiction in an action in mandamus brought for the purpose of compelling a board of elections to omit the name of such candidate from the ballot, on the ground of disqualification of the candidate, determines that the person nominated as above set forth does not possess the qualifications of a candidate for the office for which he is nominated, public interest and the law require that the ballot contain only the names of qualified candidates, and that the name of such disqualified person be omitted by the board of elections from the ballot. The act of the board of elections in omitting the same is an act which the law then specially enjoins as a duty resulting from an office (§12283 GC), to compel the performance of which a writ of mandamus will issue. Felt v Waughop, City Clerk, 193 Cal., 498, 225 P., 862; Donham v Gross, County Clerk, 210 Cal., 190, 290 P., 884.

Under the allegations of the petition in this case, which are admitted by the demurrer, the respondent Harvey does not possess the qualifications of a candidate for county engineer prescribed by §2783 GC, and the petition for this reason, and the other reasons hereinbefore mentioned, states a cause of action entitling the relator to a writ of mandamus as prayed for. The demurrer of the respondents will for this reason be overruled, and, the respondents in open court having stated that they do not care to plead further, judgment will

be entered in favor of the relator, making permanent the alternative writ of mandamus heretofore issued herein. But as the duty of the respondents to omit the name of the candidate from the ballot did not become fixed until this court in this action determined such candidate to be disqualified, and as the respondents were not, when this suit was begun, in default in the performance of their duty of omitting such name from the ballot, the costs of this action will be assessed against the relator. **State, ex rel Hiett v Court of Common Pleas of Hardin County, 102 Oh St 40, 130 N E 36.**

Writ allowed.

KLINGER, PJ, GUERNSEY and CROW, JJ, concur.