OPINION
By DOYLE, J.
This is an action in prohibition, brought originally in this court by the plaintiff against the members of the board of elections of Summit county and one William H. Minor.
It is alleged that the said “William H. Minor is not eligible as a candidate for the office of county engineer of Summit county, and is not eligible for election to said office, for the reason that he is not a registered surveyor, licensed to practice in the state of Ohio, and that at no time did he ever serve as county engineer; that by reason of the foregoing, it is unlawful for the name of said William H. Minor to, appear upon the ballots” about to be printed for use at the primary election to be held on the 14th day of May, 1940. The petition thereupon prays for a writ of pro'hibition to restrain the defendants from placing the name of William H. Minor as a candidate for the nomination by the Democratic party to the office of county engineer of Summit county, upon the ballots to be used at the primary election.
The answer of the defendant members of the board of elections admits that they had examined the declaration of candidacy of the said Minor, had found the petition to be sufficient, a.nd that his name would appear as a candidate “upon the ballots of the Democratic party to be prepared and presented for use at the primary election to be held May 14, 1940.”
It is stipulated that the contract is about to be let for the printing of the ballots, and that the last day for filing a declaration of candidacy for the primary election was March 15, 1940. It is further stipulated that neither on the 15th of March nor at any time since has the defendant Minor possessed the necessary qualifications for the holding of the office.
The sole question presented is whether §2783 GC, precludes one from being a candidate at a primary election who, at the expiration of the time for filing his declaration of candidacy, does not; possess the qualifications provided for in said section.
Sec. 2783 GC, provides:
“No person holding the office of clerk of court, sheriff, county; treasurer or county recorder, shall be eligible to the office of county engineer. In all counties no person shall be eligible as a candidate for the office of county engineer or be elected or appointed thereto, ex-except a registered professional engineer and registered surveyor licensed to practice in the state of Ohio, or a person who shall have previously served as county engineer immediately prior to his election.”
*444 *443 We construe the word “candidate” as used in this statute, as applicable to the case before us, to mean one who seeks the nomination of his political party at a primary election. And, this being so, *444 it is necessary that such candidate possess the statutory qualifications of the office which he seeks, at the time designated by law as the latest moment for the filing of such declaration.
No power is vested in the board of elections of a county, nor in the secretary of state, to determine whether a person who files a declaration of candidacy for a primary election possesses the necessry qualifications of a candidate for such office.
See, State, ex rel. Hehr v Beery, et al., etc., 55 Oh Ap 243.
And it is the duty of election officials tO' place the names of those whose petitions are in the prescribed form, properly attested and filed in accordance with the provisions of the statutes, upon a ballot to be used for voting at the primary election, unless prohibited by order of a court of competent jurisdiction.
No question has been raised as to whether prohibition is the proper remedy. Goodman v Beall, et al., etc., 130 Oh St 427, at p. 431. Suffice it to say that, contemporanous with the filing of the petition in prohibition, there was also filed a petition in mandamus, which contained exactly the same allegations as did the petition in prohibition. The answers filed in the two cases were in the same language.
The trial proceeded on the two causes of action, with the understanding if the court was of the opinion that the plaintiff was entitled to relief, the court should determine whether it should be in prohibition or in mandamus.
The members of this court are unanimous in concluding that the plaintiff is clearly entitled to relief under the evidence, for the reason that, on the 15th day of March, the defendant Minor was not a registered surveyor, licensed to practice in the state of Ohio; nor has he become such registered surveyor at any time since the so-called “dead line.” The writer of this opinion, however, is of the belief that the relief should be granted in mandamus, while two members of the court are of the opinion that prohibition is the proper remedy.
It is therefore adjudged that an order of prohibition be issued against the defendant members of the board of elections, ordering them not to place the name of William H. Minor upon the Democratic primary ballot for use at the ensuing primary election.
WASHBURN, PJ., & STEVENS, J., concur.