Hart, J.,
dissenting. I am of the opinion that the board of elections has no jurisdiction under the statutes or the Constitution of this state to determine the legal qualifications of a candidate for office unless the qualifications be those required by statute to be set out in the nominating petition. Whether a candidate has other legal qualifications for the office which he seeks is a justiciable question which can be determined only by a court of competent jurisdiction.
The pertinent parts of Section 1901.07, Revised Code, pertaining to nominating petitions, are as follows:
“All candidates for municipal judge, including candidates for chief justice, may be nominated either by nominating petition or by primary election, except that in a municipal corporation operating under a city charter, if the jurisdiction of the Municipal Court extends only to the corporate limits, candidates shall be nominated in the manner provided in the charter for the office of municipal judge, or if no specific provisions are made in the charter for the office of municipal -judge, in the same manner as the charter prescribes for the nomination and election of the legislative authority of such municipality.
(i * # #
“If there are not [no] charter provisions applicable, the nominating petition of independent candidates for the office of municipal judge shall be filed not later than 4 p, m. of the ninetieth day before the first Tuesday after the first Monday in May in the form prescribed by Section 3513.261 of the Revised Code. * * *
£1* # *
*203 “* * * jn Cleveland Municipal Court, the judges, including the chief justice, shall be nominated only by petition. Such petition shall be signed by at least 3,000 electors of the city of Cleveland. It shall be in the statutory form and shall be filed in the manner and within the time prescribed by the charter of the city of Cleveland for filing petitions of candidates for. municipal offices. * * *”
Section 3513.261, Bevised Code (125 Ohio Laws, 784), provides the form and content of such nominating petition in which the independent candidate is required to make a statement of candidacy, stating his voting residence, post-office address, that he is a qualified elector in the precinct in which his voting residence is located, the name of the office to which he seeks election, and that he is qualified to vote for the office which he seeks. The same section provides for the form of the nominating petition which the electors must sign, which requires a declaration that they are qualified electors of the state, their place of voting residence, name of the person to be nominated, voting residence and post-office address of the proposed nominee, name of the office for which the person is to be nominated, signatures and residence of the persons signing the petition, verification of the circulator of the petition as to the validity of the signatures and that all signatures on the nominating petition shall be written in ink or in indelible lead pencil.
Section 3501.11, Bevised Code, defining the duties of a board of elections, provides in part as follows:
“Each board of elections shall exercise by a majority vote all powers granted to such board * * * and shall:
i Í * * #
“ (K) Beview, examine, and certify the sufficiency and validity of petitions and nominating papers.” (Italics supplied.)
Section 3513.263, Bevised Code (125 Ohio Laws, 788), provides, among other things:
“* * * Each board shall * * * examine and determine the sufficiency of the signatures on the petition papers transmitted to or filed with it * * *. All other matters affecting the validity or invalidity of such petition papers shall be determined by the board with whom such petition papers were filed.
*204 “Written protests against such nominating petitions may be filed by any qualified elector eligible to vote for the candidate whose nominating petition he objects to * * *. Such protests shall be filed with the election officials with whom the nominating petition was filed. Upon the filing of such protests, the election officials with whom it is filed shall promptly fix the time and place for hearing it * * *. At the time and place fixed, such election officials shall hear the protest and determine the validity or invalidity of the petition. Such determination shall be final.” (Italics supplied.)
It is to be noted that, although the board of elections is specifically empowered to determine the validity of the petition as prescribed by statute, nowhere does the statute give the board the power or jurisdiction to determine the qualifications as such of the candidate. Three of the cases cited in the majority opinion, it will be observed, have to do with matters affecting the validity of the petition with respect to the ballot.
In the case of Sullivan v. State, ex rel. O’Connor, 125 Ohio St., 387, 181 N. E., 805, a writ of mandamus was sought to require a board of elections to certify the names of several candidates for the office of Democratic Party committeemen in their respective wards as eligible for printing upon a partisan ballot. The candidates were required by law to declare their party allegiance in their petitions, which they did. The board of elections heard protests claiming that some of the candidates were not members of the Democratic Party, and this protest was heard and considered by the board of elections because it related to the truth of a fact declared in thé petitions and therefore to the validity or invalidity of the petitions.
In the case of State, ex rel. Weller, v. Schirmer et al., Board of Elections, 131 Ohio St., 455, 3 N. E. (2d), 352, where the candidate’s petition was ineffective to nominate him for an office which had been abolished, the court held that he was ineligible to a place on the election ballot for an office which was nonexistant. In other words, the board of elections found that his nominating petition was a nullity.
In the case of State, ex rel. Anderson, v. Hyde et al., Board of Elections, 140 Ohio St., 339, 44 N. E. (2d), 263, the court dealt with a statute which provided that one could not be a *205 write-in candidate for an office for which he had been defeated at a preceding primary election. This question had to do with the election machinery and the ballot and not to the candidate’s personal qualifications.
This court, as I view it, has not passed upon the question as to whether the board of elections may pass upon the personal qualifications of a candidate for office, aside from the validity and sufficiency of his petition. In the instant case, the law does not require of the candidate any affirmation or declaration that he is qualified to hold the office to which he seeks to be nominated. There is no question here as to matters which appear on the face of the petition. It is conceded that the declaration of candidacy is in proper form and that sufficient qualified electors have signed the candidate’s nominating petition.
This question has twice been before the Courts of Appeals in this state. In the case of State, ex rel. Hehr, v. Beery et al., Board of Elections (1936), 55 Ohio App., 243, 9 N. E. (2d), 690, the Court of Appeals in a unanimous opinion held:
“Under the provisions of Section 4785-1 et seq., and other sections of the General Code, no jurisdiction is vested either in the board of elections of a county or in the Secretary of State, as chief election officer of the state, to determine whether a person who has been nominated for an office under authority of Section 4785-87, General Code, and to whom a certificate of nomination has been issued by the board of elections, possesses the qualifications of a candidate for such office; and under the provisions of Sections 4785-86 and 4785-98, neither the board of elections nor the Secretary of State, until such time as a court of competent jurisdiction has held such person to be disqualified, has any authority in the preparation of the ballot to do otherwise than place the name of such person thereon as a candidate at the ensuing general election.
“Where, however, a court of competent jurisdiction in an action in mandamus brought for the purpose of compelling a board of elections to omit the name of such candidate from the ballot, on the ground of disqualification of the candidate, determines that the person nominated as above set forth does not possess the qualifications of a candidate for the office for which he is nominated, public interest and the law require that the *206 ballot contain only the names of qualified candidates, and that the name of such disqualified person be omitted by the board of elections from the ballot. The act of the board of elections in omitting the same is an act which the law then specially enjoins, as a duty resulting from an office (Section 12283, General Code), to compel the performance of which a writ of mandamus will issue. Felt v. Waughop, City Clerk, 193 Cal., 498, 225 P., 862; Donham v. Gross, County Clerk, 210 Cal., 190, 290 P., 884.”
In that case, the court found that the candidate for county engineer did not have the qualifications prescribed by Section 2783, General Code, and for that reason issued the writ of mandamus as a judicial determination requiring the board of elections to omit the name of the candidate from the ballot. The court held clearly that the duty of the board to omit the name of the candidate from the ballot did not become fixed until the court determined that such candidate was disqualified.
In the case of State, ex rel. Ranney, v. Corey (1940), 37 Ohio Law Abs., 442, 47 N. E. (2d), 799, the Court of Appeals for Summit County by unanimous decision held that, although it was necessary by virtue of Section 2783, General Code, that a candidate for county engineer seeking the nomination of his political party at a primary election possess the statutory qualifications of the office which he seeks, yet no power is vested in the county board of elections or in the Secretary of State to determine whether a person who files a declaration of candidacy for a primary election possesses the necessary qualifications of a candidate for such office; and that a writ of prohibition was necessary to restrain a board of elections from placing upon the ballot for a primary election the name of a candidate for office of county engineer, who was not qualified as required by statute.
The court held further that “it is the duty of election officials to place the name of those whose petitions are in the prescribed form, properly attested and filed in accordance with the provisions of the statutes, upon a ballot to be used for voting at the primary election, unless prohibited by order of a court of competent jurisdiction.”
In the case of State, ex rel. Wood, v. Russell et al., Deputy State Supervisors of Elections, 101 Ohio St., 365, 130 N. E., 19, *207 a question somewhat similar to the one presented in the instant case was under consideration. A petition in mandamus alleged that the returns at a primary election purported to show that one Jones had been nominated for the office of county commissioner by a majority of one vote over the relator; that the relator filed his written protest against and objections to the certification of the nomination of Jones; that the votes cast at the primary election were not properly counted; and that if they had been properly counted and correct returns made they would show the nomination of the relator for the office which he sought. The prayer of the petition sought a recount of the ballots and a certification that relator had been nominated.
In the course of its opinion, this court said:
“The authority to file a protest in such circumstances as here shown is found in Section 4974, General Code (106 O. L., 549), and the procedure to be followed is defined in that section. Pertinent portions of the section are as follows:
“ ‘Protests in writing against the candidacy of any person seeking to become a candidate of any political party may be filed only by a recognized member of such party or by the controlling committee thereof. * * * In the case of protests filed against candidates for county offices * * * the same shall be heard and determined by the Board of Deputy State Supervisors of such county and its decision shall be final. * * * If it is found that such candidate is not an elector of the state, or of the district or county in which he seeks to become a candidate, or has not fully complied with the provisions of law as herein provided, his name shall be withdrawn and shall not be printed upon the ballot.’
“Under the provisions of that section the supervisors of elections had authority to withdraw the name of a candidate only when it appeared that he was not an elector of the county or that he had not complied with the provisions of law concerning primary elections.”
The protestant before the board of elections in the instant case bases his protest solely on the ground that the relator had not engaged in the active practice of law for five years preceding the filing of his petition of candidacy and for that reason was disqualified. In my view, there is no statutory ground *208 for a protest which goes outside of the bare question of the validity and sufficiency of the petition under the statute. It was the clear duty of the board of elections to approve the petition and place the relator’s name on the ballot unless and until it, the board, is ordered to omit relator’s name from the ballot by some court of competent jurisdiction, on the ground of lack of qualifications.
As I see it, the writ should be allowed. The court in the present action denies the writ on the basis of the finding of the board of elections on the protest but it does not make any order on the board of elections as a judicial determination that the relator’s name be omitted from the ballot. The board could still place relator’s name on the ballot if it chose to do so.
In my view, if there is no judicial determination of the qualifications of the relator by a court of competent jurisdiction resulting in an order to the board of elections to omit his name from the ballot, then in case of his election, the proper remedy is quo warranto. This procedure was approved and followed by this court in the cases of State, ex rel. Cox, v. Riffle, 132 Ohio, St., 546, 9 N. E. (2d), 497, and State, ex rel. Kirk, v. Wheatley, 133 Ohio St., 164, 12 N. E. (2d), 491.