[Sac. No. 1196.  In Bank.—May 11, 1904.]

## ISIDORA J. PROULX, Respondent, v. JOHN H. GRAVES, Auditor, Appellant.

JUSTICES' COURTS—JUDICIAL TOWNSHIPS—CONSOLIDATION BY SUPERVISORS.—The board of supervisors of a county may by ordinance abolish two contiguous judicial townships having a justice's court in each, and may establish one new consolidated township, comprising the territory of both of them.

ID.—TAKING EFFECT OF ORDINANCE—CERTAINTY—DECLARATION OF LAW —RIGHTS OF INCUMBENTS.—A provision in the ordinance that it should "take effect and be in force for the next general election of county and township officers," is merely declaratory of the law that such changes in townships "shall not affect any present incumbent of the office of justice of the peace or constable." The ordinance is not void for uncertainty as to when it takes effect. Under the statute, it takes effect within fifteen days, so far as it can take effect, subject to the legal rights of incumbents.

ID.—ABOLISHING JUSTICE'S COURT—MERGER—CONSTITUTIONAL LAW— POWER OF LEGISLATURE.—The ordinance was not void as abolishing a justice's court. The general constitutional provision as to justices' courts operates specifically only by means of such local legislation as the state legislature has delegated to the supervisors under general laws, and merely automatically establishes a justice's court in each township established by the local body, which continues while such township exists, and is merged in another justice's court when two townships are merged into one.

ID.—POWERS OF CONSOLIDATED COURT.—The justices' courts of the two former townships are combined and consolidated into one court by the consolidation of the judicial townships, which constitutes the

justice's court of the new township, and which for all purposes of process and jurisdiction possesses all the powers of the pre-existing courts of the same territory.

ID.—SUCCESSORS OF FORMER JUSTICES—OMISSION IN ORDINANCE—VALIDITY.—The validity of the ordinance is not affected by failure of the board to provide "as to what justices shall be successors of the justices of the townships so changed," as provided in section 107 of the Code of Civil Procedure. The two townships having been made into one, and the two pre-existing courts merged into one, the law, of its own force and from the nature of the case, fixes the succession, and the failure to designate it is immaterial.

ID.—NAME OF NEW AND OLD TOWNSHIPS.—The fact that the new township had the same name as one of the old townships is wholly immaterial.

APPEAL from a judgment of the Superior Court of Glenn County. Oval Pirkey, Judge.

The facts are stated in the opinion of the court.

Frank Freeman, and Charles L. Donohoe, for Appellant.

Ben F. Geis, and Finch & Zumwalt, for Respondent.

SHAW, J.—This was a proceeding in *mandamus* to compel the defendant, as county auditor of Glenn County, to draw his warrant upon the county treasurer for the payment of the salary allowed by law to the plaintiff as justice of the peace of the fourth judicial township of that county. The demurrer of the defendant to the complaint was overruled, and upon his refusal to answer judgment was entered for the plaintiff, and the defendant appeals.

Prior to January 4, 1900, there existed in Glenn County two judicial townships contiguous to each other, designated respectively as township No. 1 and township No. 4. On that day the board of supervisors of the county adopted an ordinance by which said townships were declared abolished, and a new judicial township was created, to be known as township No. 4, the boundaries whereof coincided exactly with the territory comprised in the two pre-existing townships 1 and 4. At the time this ordinance was passed, there was in each of said pre-existing townships a person duly elected and holding the office of justice of the peace of said townships respectively. At the general election in November, 1902, the plaintiff was

duly elected to the office of justice of the peace of said new township No. 4, for the term beginning January 5, 1903. He duly qualified for the office, and ever since the beginning of the term has been acting as justice of the peace of the new township, claiming to do so by right. The two persons who held the office of justice of the peace of the old townships for the preceding term each claimed that the ordinance consolidating the townships was void, that the old townships continued in existence after his term expired, that no person had been lawfully elected as his successor, and that he was entitled to hold over until a lawful successor was appointed, and upon this claim each continued to act after the beginning of the new term. The auditor refused to issue to plaintiff a warrant for his salary for February, 1903, and thereupon the plaintiff began this suit. The sole question involved is the validity of the ordinance abolishing the old townships and creating township 4 out of the same territory. The appellant claims that it is invalid upon three grounds, each of which we will consider in order.

The first point is, that it is void because it cannot be ascertained when it took effect. The law declares that such changes in townships "shall not affect any present incumbent of the office of justice of the peace or constable." (Stats. 1897, p. 474, sec. 56.) The ordinance itself declared that it was "intended to" and should "take effect and be in force for the next general election for county and township officers." The general rule, in the absence of statutory provisions, is, that ordinances of a board of supervisors take effect immediately upon adoption. The statute provides that they shall not take effect within less than fifteen days after passage. (Stats. 1897, p. 467, sec. 26.) No declaration as to when this ordinance should take effect was necessary. If none had been made the law would necessarily be that it would take effect fifteen days after its passage, so far as it could be effective, and that it would be in force for all the purposes of the next general election, and for all other purposes, except that it could not in the mean time affect terms of the then existing officers, or the jurisdiction of the then existing justices' courts. The declaration in the ordinance that it should take effect and be in force for the next general election of township officers could have no ef-

fect whatever, except that if there had been, in pursuance of any law, a special election in the mean time, it might perhaps have served to cast doubt upon the proper method of holding the election. But the better opinion is, that this clause was merely declaratory of the law, which itself made the ordinance effective for the next general election, without aid from any express declaration in the ordinance. The clause is affirmative in its terms. It does not say that the ordinance shall *not* be in force until the next election, but that "it is intended to and shall take effect and be in force" for that election. It was designed to express the idea that the supervisors did not thereby intend to act contrary to law by attempting to affect the terms of the then existing township officers, but intended to provide for their successors only. Under this construction it could not, and did not, render the ordinance void.

The ordinance cannot be held void on the ground that it attempts to abolish a justice's court. Under the constitution all legislative power, unless therein otherwise provided, is vested in the legislature, and hence, as there is no provision withholding from the legislature the power to create, change, or abolish townships, it follows that the legislature has full power in that respect, and may change the boundaries of any township from time to time, or abolish it altogether, at its pleasure. The only limitation is, that it must provide for doing so through the medium of general laws, the practical result of which is that it cannot make these changes directly, but must do so by general laws delegating the power to the boards of supervisors or local legislative bodies of the respective counties. The justices' courts are established in a general way, by a general provision (Const., art. VI, secs. 1, 11), which operates specifically only by means of such local legislative action, and automatically constitutes a justice's court in every township that may be established by the local body, which court continues to exist so long as the township is permitted by the local body to continue in existence, and which ceases to exist, or perhaps it is better to say, is merged in or with some other justice's court, whenever the local legislative body shall merge two or more existing townships into one. The justices' courts of the former townships do not, strictly speaking, cease to exist in every sense of the phrase.

They are combined and consolidated into one court, which constitutes the justice's court of the new township, and which, for all purposes of process and jurisdiction, possesses all the powers of the pre-existing courts in the same territory. This is the scheme contemplated by the constitution itself. It is obvious that any changes made in pursuance of the constitutional plan by the body to whom the power to make such changes has been constitutionally committed cannot be a violation of constitutional provisions. This system has been in operation ever since the state was organized, and the power to change or abolish townships by means of a change of boundaries has never been disputed or seriously doubted. The general rule that the legislature, having the power to create or abolish the territorial governmental districts, within each of which the constitution declares that a certain court shall exist, has also the power in making such changes to incidentally abolish such courts, or transfer their powers and jurisdiction to some other court of the same character, is well established. (*Board of County Commrs.* v. *Smith,* 22 Colo. 534; *State* v. *Friedley,* 135 Ind. 130; *Aikman* v. *Edwards,* 55 Kan. 751; *McCully* v. *State,* 102 Tenn. 509; *Gertum* v. *Supervisors,* 109 N. Y. 170.) From the nature of the case, no other system would be practicable. The growth of population of different parts of the state, and the constant local changes therein, make necessary frequent changes in the size of the townships, and if no corresponding change could be made in the local courts without amending the constitution, such confusion would be created that changes in the township boundaries would be practically impossible, or so greatly restricted that the power to make them would be deprived of most of the benefits intended to be secured thereby.

The ordinance is not affected by the failure of the board to make provision "as to what justices shall be the successors of the justices of the townships so changed," as provided in section 107 of the Code of Civil Procedure. That section makes it the duty of the board in such cases to make such provision, but there is nothing in the nature of the duty which necessarily renders the change of township boundaries void if this duty is not performed. It may be that a township might be so changed that its identity would be a matter of such doubt that the order attempting the change would be

held void from the necessity of the case. As to this we need express no opinion, for we have no such case here. In the present case the two townships are made into one, the two pre-existing courts are thereby merged into one, and the board could make no other provision than that the justice of the new township No. 4 should be the successor of the two justices of the formerly existing townships of which the new township was composed. In such a case the designation by the board of the successors of the old officers is immaterial. The law, of its own force, and from the nature of the case, fixes the succession. The fact that one of the old townships had the same name as that given to the new township is, so far as the question before the court is concerned, utterly immaterial.

The judgment is affirmed.

McFarland, J., Van Dyke, J., Angellotti, J., Henshaw, J., and Lorigan, J., concurred.