[Civ. No. 104. Third Appellate District.—October 27, 1905.]

## THE PEOPLE ex rel. W. B. HARDACRE, Respondent, v. H. L. DAVIDSON, FRANK PETERS et al., Defendants. W. J. HERSOM, Appellant.

CONSTABLE—INVALID ELECTION—HOLDING OVER—ACCEPTANCE OF DEPUTYSHIP—SURRENDER OF OFFICE.—Where the amended/County Government Act· provided for the election of only one constable in a certain township, and there was an invalid election therein of two constables, each of whom received a certificate of election, and it appears that a constable previously elected, claiming the right to hold over, had given up his insignia of office to one of the apparently elected constables and had accepted from him an appointment as deputy, had taken and filed the oath of office as such, and had continued to act as deputy, he thereby surrendered and abandoned the office of constable, and was not entitled to hold over.

ID.—EVIDENCE—CERTIFICATE OF APPOINTMENT—DESCRIPTION OF OFFICE. The certificate of appointment signed by such apparently elected constable, with the oath subscribed as deputy, was admissible in evidence against the one claiming the right to hold over, and even if the description of the office in the oath was erroneous, that could not affect its relevancy as evidence.

ID.—ABOLITION OF PREVIOUS OFFICES—SINGLE OFFICE—INCUMBENT TO BE CHOSEN—PRIOR INCUMBENTS NOT ENTITLED TO HOLD OVER.— Where, by an amendment of the County Government Act, previously authorized offices of two constables were merged in a single office, the identity of the prior offices is destroyed, and both of them are abolished; and there being but one single and distinct office, the incumbent thereof must be elected or appointed thereto, and neither of the prior incumbents is entitled to hold over.

APPEAL from a judgment of the Superior Court of San Joaquin County, and from an order denying a new trial. Frank H. Smith, Judge.

The facts are stated in the opinion of the court.

C. H. Fairall, for Appellant.

U. S. Webb, and C. W. Norton, for Respondent.

Ashley & Neumiller, for Defendants Davidson and Peters.

McLAUGHLIN, J.—This action was brought to oust the defendants from the office of constables of O'Neal township, in San Joaquin county. Section 56 of the County Government Act, as amended in 1901 (Stats. 1901, p. 685, c. 234), provides that in townships having a population of less than six thousand persons there shall be but one constable. Prior to that amendment there were two constables in said township. At no time prior to the general election held November 4, 1902, did the population of O'Neal township equal six thousand persons. Notwithstanding this fact, the board of supervisors of said county issued a proclamation calling for the election of two constables for this township as of yore. Ballots were printed directing the voters to vote for two, and the defendants Davidson and Peters were declared elected upon a canvass of the returns. Certificates of election were issued to them and they qualified, and in January, 1903, entered upon the discharge of the duties pertaining to said office. At the time of such election defendants Davidson and Hersom were duly elected and qualified constables of said township. Davidson was re-elected, but Hersom was not a candidate. For the purposes of this appeal, it is admitted that the election was void and that the certificates of election issued to Davidson and Peters amounted to nothing. The court found that appellant Hersom, "on or about the seventh day of January, 1903, surrendered and abandoned the office of constable of said township to defendant Frank Peters upon the apparent election of said Peters to said office at such general election held on November 4, 1902, and thereafter accepted from said Peters an appointment as deputy constable, under said Peters, for said township, took his oath of office as such deputy and filed the same in the county clerk's office of said county, and thereafter acted as such deputy for Frank Peters." As a conclusion of law it was recited that by reason of such surrender and abandonment appellant was not entitled to hold and did not hold such office. The sufficiency of the evidence to support the

finding is assailed, and it is claimed that the conclusion is not justified by the finding.

The evidence is entirely sufficient to support the finding. True, there is a slight conflict, but there is some evidence to sustain the finding, and under such circumstances it cannot be disturbed. Appellant vacated the office, gave Peters his badge, pistol, and handcuffs, acquiesced in Peters' desire to appoint him a deputy, and on January 7, 1903, took the oath as such deputy, and thereafter continued to act as such. This, to my mind, conclusively shows a surrender and abandonment, for a man claiming to be or assuming to act as principal would hardly accept a deputyship under his rival. (*Warden* v. *Bayfield,* 87 Wis. 181, [58 N. W. 248].) This brings the case at bar strictly within the decision in *Drew* v. *Rodgers,* 118 Cal. 395, [46 Pac. 740, 50 Pac. 668], which seems conclusive of the question presented. Then, too, there is evidence that he was acting as such deputy as late as October 17, 1903, thus bringing the facts within the earlier case of *People* v. *Hartwell,* 67 Cal. 12, [6 Pac. 873]. There was no error in admitting the certificate of appointment of appellant as deputy constable. The appointment was signed by Peters, and the oath subscribed by appellant, and the description of the office in the oath could not affect its relevancy as evidence, even if such description was erroneous. (Code Civ. Proc., sec. 1870, subds. 1, 2.)

But it seems to us that under the admitted facts before us in this case appellant could not hold over under section 879 of the Political Code, even if he had absolutely refused to recognize the validity of the election and had disputed the claim of Peters as his successor. Up to the first Monday of January, 1903, there were two offices and two officers. After that time, under the law, there could be but one office and one officer. This new office is entirely distinct from each of the pre-existing offices. Certainly one at least of the latter ceased to exist, and, as neither was expressly continued, there is no alternative but to say that both were abolished. But taking the view most favorable to appellant's contention, and treating these two offices as merged in one, instead of being entirely abolished, the same conclusion must follow. True, the two offices were identical, as far as designation is concerned, with the single office

created through the merger, resulting from the amended law. But it is clear that, when these two offices were merged in one, neither preserved its identity. And, the identity of each being lost, it is manifestly impossible to determine which, if any, of the offices continued. There being but one office, there can be but one officer or incumbent. And yet reference to another appeal in this same case discloses a scramble to hold over, defendants Davidson and Hersom each claiming such right. Now, both cannot be so entitled, for both cannot hold one office. Neither can claim a superior right, because neither can say that the particular office occupied by him continues. Forfeiture by one or the other is a false quantity in determining the legal right to hold over under section 879 of the Political Code. The rule which gives such a right is inflexible and unchangeable, and the only fact to be considered in determining such right is the one fact mentioned in the statute as creating such right. The same rule which would apply if each had conserved whatever right he had must apply under all circumstances, for the right either exists as a matter of law, or it does not exist at all. The sins of omission or commission laid at the door of one claimant cannot increase or diminish the rights of the other, because the law alone creates the right whenever the condition arises, and extrinsic facts cannot create or change a law. Such a right must be fixed, definite and capable of legal ascertainment. It must vest with absolute certainty in some individual, and there cannot be two who could under any state of facts be equally entitled. In the very nature of things, there could be no such certainty under the circumstances above narrated. It must therefore follow as a matter of law that while the new office possesses all the powers of the pre-existing offices, for all purposes of process and jurisdiction, as the successor of both, the effect of the amendment was to abolish the two offices previously existing, at least as far as the right to hold over is concerned, and to create a new office which could only be filled by election or appointment. (*Proulx* v. *Graves*, 143 Cal. 247, [76 Pac. 1025]; *People* v. *Chaves*, 122 Cal. 138, [54 Pac. 596]; *Kilburn* v. *Conlan*, 56 N. J. L. 350, [29 Atl. 162]; *Barkley* v. *Levee Com.*, 93 U. S. 258; *People* v. *Jones*, 17 Wend. (N. Y.) 82; *People* v. *Morell*, 21 Wend. (N. Y.) 563; *Matter of Gertum*

v. *Board,* 109 N. Y. 174, [16 N. E. 328]; *Carter* v. *Board,*
7 Neb. 42; *State* v. *Bailey,* 37 Ohio St. 98; *Richmond Mayor-
alty Case,* 19 Gratt. (Va.) 673; *Quigg* v. *Evans,* 121 Cal.
547, [53 Pac. 1093].)

The judgment and order are affirmed.

Chipman, P. J., and Buckles, J., concurred.