[S. F. No. 13659. In Bank.—October 24, 1929.]

COUNTY OF LOS ANGELES, etc., Petitioner, v. JUSTICE'S COURT OF BEVERLY HILLS TOWNSHIP, etc., et al., Respondents.

Everett W. Mattoon, County Counsel, and P. V. O. Pritchard and Robert A. Cushman, Deputies County Counsel, for Petitioner.

Elliott Gibbs, Edward H. Miller, Fogel & Beman, F. D. Macomber and Tanner, Odell & Taft for Respondents W. R. Garrett and Santa Monica Township Justice's Court.

Bert L. Cooper and Joseph A. Allard, Jr., for San Jose Township Justice's Court.

WASTE, C. J.—The County of Los Angeles, through its duly authorized county counsel, is here seeking a writ of mandate to compel the respondent Justices' Courts, located in the county, and the duly elected justices of such courts, to exercise original jurisdiction in certain causes which the respondent courts and justices have refused to entertain.

At the recent session of the legislature section 112 of the Code of Civil Procedure of the state of California and section 1425 of the Penal Code of the state, relating to the jurisdiction of Justices' Courts, were amended (Stats. 1929, p. 834; Stats. 1929, p. 861), the amendments, generally speaking, having the effect of changing and enlarging the jurisdiction of these courts, particularly in cities, cities and counties, towns and judicial townships having a population of thirty thousand or more. It is alleged in the petition that the townships in question have a population of thirty thousand or more. This allegation, except as to the township of Pasadena, is denied by the answer of certain respondents, who also assert that there is no official census showing the number of inhabitants in the townships to be that alleged in the petition. Respondents allege themselves to be ready, willing and desirous of entertaining causes involving the increased jurisdiction prescribed by the sections, *supra*, but, because of the uncertainty as to the population in their respective political subdivisions, in the absence of a federal enumeration of inhabitants, they hesitate to act in such matters unless and until a census be taken by the supervisors of the county under section 4055 of the Political Code, or the federal census of 1930 be taken

and the result announced. As an alternative, the respondents asked that this court judicially determine the jurisdiction of the respective courts conferred by the amendments, *supra*. This we have decided to do because of the delays incident to an enumeration of the inhabitants by the taking of a census.

The jurisdiction of the respondent courts depends upon the *fact* of there being the specified number of inhabitants within their respective territorial boundaries, and not upon any report or proclamation of the fact. (*People v. Wong Wang*, 92 Cal. 277, 280 [28 Pac. 270]; *Puterbaugh v. Wadham*, 162 Cal. 611, 618 [123 Pac. 804].) That being true, it would seem to follow that, when it is found by any proper mode of ascertainment that the various political subdivisions in which the respondent courts are located have the required population, the respondent courts must entertain, consider and act in all those matters and causes falling within the jurisdiction prescribed by the present law.

By consent of all the parties to this proceeding, the court appointed Leonard E. Thomas, Esq., referee to ascertain, determine and report the population of the various political subdivisions here in question. The referee has filed herein a report of his proceedings, from which it appears that he conducted hearings, took testimony, both oral and documentary, made an investigation and examined witnesses concerning the population of each of the designated townships. No objection was made to the report of the referee, and all the parties to this proceeding joined in a written stipulation that the report be affirmed as presented. That was done, and the court now finds, as a fact and in accord with the report of the referee, that each of the following townships of the County of Los Angeles, state of California, has a population of thirty thousand inhabitants or more, viz.: Beverly Hills township, Glendale township, Inglewood township, Montebello township, Pasadena township, San Antonio township, San Gabriel township, San Jose township and Santa Monica township; and that each of the following townships of the County of Los Angeles, state of California, has a population of less than thirty thousand inhabitants, viz., Compton township, Redondo township and Whittier township.

Therefore, let a peremptory writ of mandate issue directed to and commanding the respondents, Justice's Court of Beverly Hills Township and H. E. Billings, Justice of the Peace thereof; Justice's Court of Glendale Township and Harry W. Chase, Justice of the Peace thereof; Justice's Court of Inglewood Township and Albert F. Monroe, Justice of the Peace thereof; Justice's Court of Montebello Township and E. P. Woods, Justice of the Peace thereof; Justice's Court of Pasadena Township and Elliott Gibbs and J. Russell Morton, Justices of the Peace thereof; Justice's Court of San Antonio Township and Edward H. Miller, Justice of the Peace thereof; Justice's Court of San Gabriel Township and W. M. Northrup, Justice of the Peace thereof; Justice's Court of San Jose Township and Ulysses E. White, Justice of the Peace thereof; Justice's Court of Santa Monica Township and W. R. Garrett, Justice of the Peace thereof, all of said townships being situated in the county of Los Angeles, state of California, to forthwith accept and exercise the jurisdiction prescribed by section 112 of the Code of Civil Procedure of the state of California and section 1425 of the Penal Code of the state of California for justices' courts in cities, cities and counties, towns and judicial townships having a population of thirty thousand or more;

And further commanding the Justice's Court of Compton Township and Irving P. Austin, Justice of the Peace thereof; Justice's Court of Redondo Township and Joseph G. Moodie, Justice of the Peace thereof, and Justice's Court of Whittier Township and Frank G. Swain, Justice of the Peace thereof, all of said townships being situated in the County of Los Angeles, state of California, to forthwith accept and exercise the jurisdiction prescribed by section 112 of the Code of Civil Procedure of the state of California and section 1425 of the Penal Code of the state of California for justices' courts in cities, cities and counties, towns and judicial townships having a population of less than thirty thousand.

Seawell, J., Preston, J., Curtis, J., Langdon, J., and Richards, J., concurred.