[Crim. No. 75. Fourth Appellate District.—January 13, 1933.]

In the Matter of the Application of ELMER STANTON for a Writ of Habeas Corpus.

Joseph Seymour and Albert Trujillo for Petitioner.

Earl Redwine, District Attorney, for Respondent.

MARKS, J.—On July 9, 1932, a criminal complaint was filed with the justice of the peace of Mecca Judicial Township in Riverside County, charging petitioner with the unlawful possession of intoxicating liquor. A warrant was issued for his arrest and he entered a plea of not guilty to the charge and the case was set for trial by Justice of the Peace Max M. Zimmerer of Mecca Township. At the time set for the trial Judge Zimmerer was ill and, at his request, Justice of the Peace R. M. Aitchison of Thermal Township presided at the trial, which resulted in the defendant being found guilty. Judgment was pronounced upon him and he sought a writ of *habeas corpus* from this court to effect his release from confinement by the sheriff of Riverside County.

The principal ground relied on by petitioner is that neither Justice Zimmerer nor Justice Aitchison were justices of the peace, and that neither Mecca Township nor Thermal Township was in existence as a judicial township of Riverside County after July 6, 1932.

On June 6, 1932, the board of supervisors of Riverside County passed an ordinance dividing the county into nine judicial townships. This abolished the judicial townships of Mecca and Thermal and incorporated them within the boundaries of the judicial township of Indio.

It is the contention of petitioner that this ordinance went into effect thirty days after its passage and immediately abolished the two judicial townships in question and deprived the two justices of the peace of their offices. All of his argument in support of this contention has been decided adversely to him in the case of *Proulx* v. *Graves*, 143 Cal. 243 [76 Pac. 1025]. The Proulx case is authority for our holding that the justices of the peace of Mecca and Thermal judicial townships will hold their offices until their

successor, a justice of the peace of Indio judicial township, takes his office following the next general election.

Petitioner relies upon the decision of *Deupree* v. *Payne,* 197 Cal. 529 [241 Pac. 869], which he contends in effect reverses the Proulx case. We cannot agree with this contention. It clearly appears that the conclusion in the Deupree case was reached under the constitutional amendment providing for the establishment of municipal courts and the statute passed under the provisions of this amendment. (Art. VI, sec. 11, Const.; Stats. 1925, p. 648.) This decision is clearly inapplicable to the facts of the instant case because there is no municipal court in Riverside County and there is no city in that county with a sufficient population permitting the establishment of such a court.

Petitioner contends that he was convicted upon the uncorroborated testimony of an accomplice. It was held in the case of *In re Kelso,* 147 Cal. 609 [82 Pac. 241, 109 Am. St. Rep. 178, 2 L. R. A. (N. S.) 796], that: "In this proceeding, we cannot, of course, consider the evidence given upon the trial of petitioner, or determine whether or not that evidence showed that he committed the acts charged against him. The adjudication of the trial court, and the affirmance of the judgment by the superior court, are conclusive upon that question here."

In his petition petitioner asserts that he was held in custody under a void commitment because the justice of the peace neglected to sign the certification on this document. The return of the sheriff shows a certification was properly executed on the seventeenth day of October, 1932. In the case of *In re Nakanishi,* 19 Cal. App. 552 [126 Pac. 508], this was held sufficient to hold petitioner.

The writ heretofore issued is discharged and the petitioner is remanded to the custody of the sheriff of Riverside County.

Barnard, P. J., and Jennings, J., concurred.