[Crim. No. 1341. Third Appellate District.—March 5, 1934.]

In the Matter of the Application of W. V. COWAN for a Writ of Habeas Corpus.

[redacted]

Busick & Busick for Petitioner.

Neil R. McAllister and Rose M. Sheehan for Respondent.

THE COURT.—On the thirteenth day of September, 1933, the petitioner was convicted and sentenced to six months' imprisonment, in the Justice's Court of the City of Sacramento, in the County of Sacramento, for an alleged violation of section 270 of the Penal Code, relative to providing for one's minor children. The argument in this case has taken a wide field, and in the discussion, the second paragraph of section 270 of the Penal Code has been challenged as being unconstitutional. By reason of what we are about to say this question need not be considered.

The judgment of the justice's court, so far as relevant here, is in the following words and figures:

"WHEREAS, on the 13th day of September, 1933, the defendant, W. V. Cowan, was duly convicted in the Justice Court of the City of Sacramento, County of Sacramento, and State of California, of the crime of failure to provide for minor children, committed within said City, on the —— day of April, 1933, And at the time of conviction, the defendant waived a postponement of time for rendering judgment, and was informed by the court of the nature of the complaint, and of his plea and of the verdict, and was asked by the court whether he had any legal cause to show why judgment should not be pronounced against him; and no sufficient cause being alleged, or appearing to the court, it is therefore considered and adjudged by the court that the defendant, W. V. Cowan, be imprisoned in the county jail of the County of Sacramento for the term of six (6) months.

"RICHARD P. TALBOT,
"Acting Judge of the Justice Court in and for said City of Sacramento."

This judgment was affirmed on appeal, and the judgment of affirmance is in precisely the same words, except that the word "his" is inserted before the word "minor".

While the provisions of section 270 of the Penal Code, if constitutional, make the failure to provide for one's minor children *prima facie* proof that such failure is wilful and without lawful excuse, it does not make the mere fact of failure to provide for minor children a crime in and of itself. The judgment which acts as the commitment must show that the failure so to provide was wilful and without lawful excuse, assuming that the code section referred to is constitutional.

The judgment in this case not showing that the defendant has committed any crime, it follows that the writ should be granted, the petitioner discharged, and bail exonerated.

It is so ordered.