[L. A. No. 14978. In Bank.—October 4, 1934.]

TIMOTHY SHEA, Plaintiff, v. WILLIAM KERR, as Registrar of Voters, etc., Respondent; DANIEL S. SOREY, Intervener.

Mott, Vallee & Grant for Petitioner.

Everett W. Mattoon, County Counsel, and Fred M. Cross, Deputy County Counsel, for Respondent Kerr.

J. Vincent Hannon and J. W. Faulkner for Intervener.

SHENK, J.—*Mandamus* to compel the respondent Registrar of Voters to omit from the ballot to be used at the ensuing general election the name of Daniel S. Sorey as a candidate for justice of the peace of El Monte Township in Los Angeles County.

At the primary election held August 28, 1934, Sorey and eleven others were candidates for said office. Sorey received the highest number of votes, but did not receive a majority of all votes cast for the office. It is alleged in the petition that El Monte Township contains a population of over 30,000; that Sorey has not been admitted to the practice of law in this state; that he was not holding the office of justice of the peace of said township at any time during the year 1929; and that, if elected, he would not be eligible to hold said office under the provisions of section 4185a of the Political Code, and section 159a of the Code of Civil Procedure, and under the authority of *Felt* v. *Waughop*, 193 Cal. 498 [225 Pac. 862], and other cases to like effect.

The respondent has interposed a general demurrer to the petition and an answer in which it is alleged, and is not disputed, that according to the federal census of 1930 the population of said township is 26,334. At the hearing it was stipulated that the population of the township, by reason of its recent consolidation with two other townships, is in fact in excess of 30,000.

In 1929 section 112 of the Code of Civil Procedure was amended to increase the jurisdiction of justices' courts in townships of over 30,000 population. No method was prescribed by the legislature for the ascertainment of such population. This court, in October, 1929, exercising its original jurisdiction in a *mandamus* proceeding and by a reference determined the fact as to certain townships in

Los Angeles County. (*County of Los Angeles* v. *Justice's Court*, 208 Cal. 429 [281 Pac. 611]; see, also, *Shipp* v. *Superior Court*, 209 Cal. 671 [289 Pac. 825].)

■ In 1933 section 81 (the second of the same number; see Stats. 1933, pp. 1810, 2476) of the Code of Civil Procedure directed that judicial townships having a population of 30,000 or more should· be known and designated as justices' courts of class A, and that judicial townships having a population of less than 30,000 should be known and designated as justices' courts of class B. The section then provided: "For the purpose of determining the jurisdiction of any justices' court therein, the population of a judicial township shall be deemed to be above or below thirty thousand as may have been. found by the supreme court of this state to be the fact in any proceeding in *mandamus*, prior to January 1, 1931, to compel the justices of such townships to exercise original jurisdiction in certain causes; otherwise such population shall be deemed to be as shown by the last preceding census taken under the direction of the Congress of the United States." No determination of the population of El Monte Township as heretofore or as now constituted was made by this court prior to January 1, 1931, or at all.· As stated the 1930 federal census shows the population of the three townships now comprising El Monte Township to be 26,334. This is the only authoritative determination of the population of said township and under it the justice's court therein is of class B. Any concession or stipulation ·of counsel as to actual population is of no controlling significance when, as here, jurisdiction of a court is involved and has been established in the manner provided by law.

■ There is no legal requirement that a justice of the peace of a class B justice's. court shall be admitted to practice law in this state, and therefore the claimed ineligibility of Daniel S. Sorey does not exist. This conclusion is determinative of the present proceeding and other points need not be discussed.

The alternative writ is discharged and the peremptory writ is denied.

Waste, C. J., Thompson, J., Preston, J., Seawell, J., Curtis, J., and Langdon, J., concurred.