[Crim. No. 4145.  In Bank.—March 22, 1938.]

In the Matter of the Application of EARL KENNETH MIZE for a Writ of Habeas Corpus.

Clarence P. Wallick for Appellant.

Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

SEAWELL, J.—This is a proceeding in *habeas corpus* to secure the release of Earl Kenneth Mize from the custody of the sheriff of Los Angeles County. Mize was convicted of failure to provide for his infant child (sec. 270, Pen. Code) in the Justice's Court of Compton Township, Los Angeles County. He was placed on probation for two years on condition that he pay $15 a month for the support of said child. Upon his default in making said payments his probation was revoked, and said justice's court on May 20, 1937, sentenced him to one year's imprisonment in the county jail. The court directed that he should work during said term upon the public roads or other public works and that his pay, received from the board of supervisors at the rate of $1 per day, should be paid to the probation officer for the support of said child.

■ Petitioner contends that the Justice's Court of Compton Township is without jurisdiction of violations of section 270, Penal Code, for the reason that it is a class B justice's court. Class B justice's courts exist in townships having a population of less than 30,000. (Sec. 81, Code Civ. Proc.) Such courts have jurisdiction in criminal cases amounting to a misdemeanor only punishable by fine not exceeding $1,000, or imprisonment not exceeding six months, or by both such imprisonment and fine. (Sec. 1425, Pen. Code.) ■ The offense of failure to provide for a minor child as defined in section 270, Penal Code, is subject to imprisonment in the county jail not exceeding two years or by a fine not exceeding $1,000, or by both. In the case herein petitioner's term of imprisonment is one year.

Petitioner cites *County of Los Angeles* v. *Justice's Court*, 208 Cal. 429 [281 Pac. 611], decided in 1929, wherein it was held that the Justice's Court of Compton Township was a class B justice's court. It appears from the showing made by respondent upon the return to the writ, however, that the present Compton township includes a larger area than the former Compton township, which was found in the case cited to have a population of less than 30,000.

The complaint against petitioner was filed on July 2, 1936. On May 28, 1934, the board of supervisors of Los Angeles County enacted an ordinance redistricting judicial townships in the county, which became effective January 1, 1935. ■ The power of a county board of supervisors to change the boundaries of judicial townships under section 4015, Political Code, has been recognized repeatedly. (See, also, sec. 4041.10, Pol. Code; *People* v. *Chaves*, 122 Cal. 134 [54 Pac. 596], under the County Government Act, Stats. 1893, p. 346; *Proulx* v. *Graves*, 143 Cal. 243 [76 Pac. 1025]; *Osborn* v. *Board of Supervisors*, 27 Cal. App. 85 [148 Pac. 970]; *Deupree* v. *Payne*, 197 Cal. 529 [241 Pac. 869]; *Shea* v. *Kerr*, 1 Cal. (2d) 604 [36 Pac. (2d) 189]; *In re Stanton*, 128 Cal. App. 659 [18 Pac. (2d) 384]; 6 Cal. Jur. 10-Year Supp. 510.)

■ Compton township as established by the ordinance of 1934 is the successor of Compton township and Dominguez township theretofore existing. (Sec. 31.) The new township is coterminous in bounds with the two former townships. The federal census of 1930 shows the former Compton town-

ship to have a population of 31,012, the former Dominguez township a population of 4,267, making a total population of 35,279 for the new Compton township.

At the time *County of Los Angeles* v. *Justice's Court, supra,* was decided, determining that the former Compton township had a population of less than 30,000, the statute did not provide the manner of ascertaining the population of a judicial township. Under the 1933 amendment to section 81, Code of Civil Procedure, the population of a judicial township "shall be deemed to be as shown by the last preceding census taken under the direction of the Congress of the United States", unless the population had been determined in a proceeding in *mandamus* prior to January 1, 1931, by this court. Since the enlarged Compton township did not come into existence until after 1931, the population thereof must be determined by reference to the federal census of 1930, which shows it to be in excess of 30,000. This statutory method of ascertaining population was upheld in *Shea* v. *Kerr, supra,* which involved the same ordinance as the instant case. Petitioner herein does not contend that the present population of the new Compton township is in fact less than 30,000.

Petitioner further contends that the judgment against him is void for the reason that it fails to show that his failure to provide for his child was wilful and without lawful excuse. (Sec. 270, Pen. Code.) The complaint charged that petitioner "wilfully, unlawfully and without lawful excuse" failed to provide for said child. The case was tried by the court sitting without a jury. The verdict or finding of the court, as entered in the clerk's minutes, is as follows: "Guilty as charged in the complaint." This reference to the complaint constitutes a finding that the failure to provide was wilful and without lawful excuse. (*People* v. *Cummings,* 117 Cal. 497 [49 Pac. 576]; *People* v. *Sam Lung,* 70 Cal. 515, 518 [11 Pac. 673]; *People* v. *Du Fault,* 1 Cal. App. (2d) 105 [36 Pac. (2d) 196]; *People* v. *Camp,* 42 Cal. App. 411, 421 [183 Pac. 845]; 8 Cal. Jur. 403.)

It is true that the judgment imposing sentence thereafter pronounced by the court (secs. 1445, 1449, Pen. Code), as entered in the clerk's minutes (sec. 1453), contains no statement of the offense, but merely recites the sentence imposed on petitioner. However, the verdict of the jury or finding of

the court adjudging the defendant guilty is part of the record or judgment roll in criminal cases tried in the justice's court. (Sec. 1468, Pen. Code; Rule 3, Rules Adopted by the Judicial Council, effective July 1, 1936.) Where it appears from said record, as in this case, that the defendant has been convicted of the offense defined in section 270, Penal Code, he will not be released for the reason that the minute entry of the judgment entered following said conviction fails to repeat the offense.

█ In view of the fact that a certified copy of the judgment as entered in the minutes constitutes the commitment or warrant under which the defendant is imprisoned (sec. 1455, Pen. Code), it is proper that such entry should state the offense of which defendant has been convicted. In the case herein the minute entry of judgment did not itself recite the offense, but nevertheless a statement thereof was made in preliminary recitals of the commitment, certified by the justice of the peace. Petitioner was not prejudiced by the failure of the minute entry of judgment to recite the offense.

Section 1207, Penal Code, relating to criminal trials in the superior court, provides that the clerk in entering the judgment rendered upon a conviction must state briefly "the offense for which conviction was had". Section 1453, Penal Code, providing for entry of the judgment in justice's court cases, does not make this requirement. We are not to be understood as indicating that by reason of section 1207, Penal Code, the defendant in a superior court case would be entitled to release on *habeas corpus* if the minute entry of judgment failed to state the offense. If prejudiced by the omission, his remedy would be to secure a correction of the entry to state the offense of which he had been convicted by verdict of the jury or finding of the court entered in the minutes. The clerk's record may be amended to speak the truth. (*In re Barnes,* 127 Cal. App. 708 [16 Pac. (2d) 309]; *In re Glavich,* 74 Cal. App. 144 [239 Pac. 707]; *In re Huewitt,* 102 Cal. App. 24 [282 Pac. 406]; *Kaufman* v. *Shain,* 111 Cal. 16 [43 Pac. 393, 52 Am. St. Rep. 139]; 6 Cal. Jur. 10-Year. Supp. 524; 8 Cal. Jur. 477.)

█ It has been held that where there is a valid conviction by court or jury, but the judgment of imprisonment is void, as for the reason that it was entered on a holiday, or exceeds that allowed by law, the prisoner will not be dis-

charged on *habeas corpus,* but held awaiting pronouncement and entry of a valid judgment. (*Matter of Smith,* 152 Cal. 566 [93 Pac. 191]; *In re Lee,* 177 Cal. 690, 696 [171 Pac. 958]; *In re McCready,* 179 Cal. 514 [177 Pac. 459]; *Ex parte Fritz,* 179 Cal. 415 [177 Pac. 157]; *In re Adams,* 61 Cal. App. 239 [214 Pac. 467]; 13 Cal. Jur. 280.) In view of this rule, it is plain that a defendant is not entitled to release where the judgment of imprisonment is valid, but the only irregularity is that the entry thereof in the minutes fails to include a statement of the offense.

Petitioner relies strongly on *In re Cowan,* 137 Cal. App. 209 [30 Pac. (2d) 443]. In that case the petitioner was discharged on the ground that the judgment for six months' imprisonment failed to show that the failure to provide was wilful and without lawful excuse. It does not appear from said decision that there was any adjudication to that effect in the record. In the case herein the finding of the court, as entered in the minutes, constituted an adjudication that the offense was wilful and without lawful excuse. Said finding supports the judgment imposing a year's imprisonment.

The writ is discharged and the petitioner remanded.

Houser, J., Shenk, J., Curtis, J., Waste, C. J., Edmonds, J., and Langdon, J., concurred.