[S.F. No. 23421. In Bank. Mar. 12, 1976.]

WILLIAM H. PHELPS, Petitioner, v.
RICHARD C. BRENNAN, as County Clerk, etc., Respondent.

**COUNSEL**

Larry J. Frumes for Petitioner.

Robert A. Rehberg, County Counsel, and Albert F. Cunningham, Deputy County Counsel, for Respondent.

**OPINION**

**THE COURT.**—William H. Phelps, a justice court judge in Shasta County, seeks a writ of mandate to compel respondent Shasta County Clerk to stay all proceedings relating to a June 8, 1976, election for the office of judge in each of three Shasta County justice court districts created by county ordinance 445-10 to become effective January 3, 1977. ■ We conclude that because each such district will, on January 3, be a new district within the meaning of Government Code section 71080, subdivision (a), the initial judges must be appointed by the board of supervisors. (See § 71180.3.)[1] We accordingly order that the writ issue.

---

[1]Unless otherwise specified all statutory references herein are to sections of the Government Code.

On January 5, 1976, the Shasta County Board of Supervisors adopted the ordinance reducing the number of justice court judicial districts in that county from eight to four. (See Cal. Const., art. VI, § 5; § 71040; *In re Mize* (1938) 11 Cal.2d 22, 24 [77 P.2d 472].) Only one of the former districts remained intact and no challenge is made to the succession to the judicial office of the justice court in that district. The territory which comprised the other seven districts was reapportioned to create the three districts for whose judicial offices respondent seeks to conduct the challenged election. The terms of office of all eight of the incumbent judges expire on January 3, 1977, concurrently with the reduction in the number of judicial districts. (See § 71145.)

The determinative issue herein is whether each of the three judicial districts will, on January 3, be created as newly established districts or, as contended by respondent, be continued in existence as one of the former districts with additional territory annexed from one or more of four discontinued districts. If the three districts are deemed to be merely continued enlarged districts then, according to respondent, the succession to their judicial offices will be governed by the general election provisions for judges of justice court districts. (See §§ 71141-71145, incl.) Respondent is immediately confronted, however, with the provisions of section 71080, subdivision (a), which is set out in the margin.[2] That section purports to provide for the initial judicial office and succession thereto upon the "establishment" of a justice court. Respondent argues that section 71080 is not or will not be applicable because there will be no "establishment" of a justice court in any of the three judicial districts on January 3, 1977.

Section 71080 states a rule of judicial succession in the case of superseded inferior courts. It is, of course, statewide in its application and must be given uniform effect. It is a part of a comprehensive legislative plan intended to implement Constitutional Amendment No. 49 (Stats. 1949, res. ch. 153, ch. 1511) providing for the consolidation of

---

[2]"After January 1, 1952, upon the establishment of a municipal or justice court, the judges of existing courts inferior to the superior court in any city, township, or judicial subdivision situated wholly or partly in the district or city and county for which a municipal or justice court is established shall, if eligible, become the judges of such municipal or justice court until the election or appointment and qualification of their successors. The time for election and qualification of their successors shall be that previously fixed for the election and qualification of their successors for the court and office superseded, had such courts not been superseded, but in no event shall any such election of successors be held within 10 months of succession to the office of the new court."

no less than eight classes of courts inferior to the superior court, and the creation of new, larger judicial districts with either a municipal or justice court. (See Ballot Pamp. Proposed Amends. to Cal. Const. with arguments to voters, Gen. Election (Nov. 7, 1950) argument in favor of proposition 3, p. 5.) It appears, however, that county boards of supervisors, authorized to effect the consolidation of judicial districts (see Stats. 1949, ch. 1511, § 1; § 71040), often failed to so act with the result that in rural areas the old township boundaries served as new judicial districts (Stats. 1949, ch. 1511, § 2) without accomplishing the full intent of the consolidation. (Judicial Council of Cal., 14th Biennial Rep. (1953) p. 16.) Section 71080 provided for the succession of judicial officers in the case of consolidations in response to the legislative plan, that is, where two or more townships wherein inferior courts were located were joined in a new municipal or justice court judicial district.

Shasta and other counties have, in effect, accomplished their consolidations in two or more steps rather than in one step. Municipal or justice court judicial districts were first created without consolidations and then, years later, judicial districts have been consolidated by action of the board of supervisors. If it is the legislative intent that section 71080 be applicable in a one-step consolidation, then that intent cannot be frustrated by the manner in which consolidations have been accomplished in Shasta County. To hold otherwise would be to arm a board of supervisors with power to circumvent the legislative intent as in this case where the board has couched its ordinance in terms of annexed and annexing districts rather than in terms which establish new districts. Statewide uniformity in the succession of judicial officers upon the consolidation of judicial districts would thus be destroyed by the choice of language in a consolidating ordinance. It is not the legislative intent that the applicability of section 71080 be a matter within the discretionary language of a board of supervisors, and we hold that section 71080 is applicable when there is a consolidation of judicial districts which cuts across the boundaries of former districts.[3]

Our conclusion that section 71080 is thus applicable does not end our inquiry. That section provides in subdivision (a) that upon the *establishment* of the new court, the judges of superseded courts shall, if eligible, become the judges of the new court until they are succeeded by election or appointment. In the instant case, however, there will be at the time the

---

[3]For the same reasons it is also apparent that succession provisions relating to other court personnel are applicable in the instant case. (See §§ 71085-71100, incl.)

new court is established *no* judges of superseded courts because their terms will have expired concurrently with the establishment of the new judicial districts and justice courts.

Petitioner urges that section 71080 should be construed in a manner which would accord to those judges whose terms expire concurrently with the establishment of the new court, the same status before that court as in the case of a judge whose term would have extended beyond that date. There is, however, a clear expression of legislative intent which precludes such a construction. Section 71080.5, added by the Legislature in 1975, relates specifically to Shasta County and provides that "[n]otwithstanding the provisions of Section 71080" when a municipal court judicial district is to be established concurrently with the end of the term in office of a justice court judge or judges, the new municipal court judge shall be selected at the election next following the board of supervisors' act by which the new judicial district was prospectively established.[4] It is thus manifest that the Legislature deemed section 71080 was not to be construed in a manner which would effectively extend the expired term of a justice court judge in order to adapt to the scheme of that section, else it would not have been necessary to enact a new, special provision for the selection of the new judge by a different method. The construction of section 71080 urged by petitioner, accordingly, must be rejected.

The discernible legislative intent in enacting section 71080 also compels a conclusion that a justice court judge for a judicial district to be established on January 3, 1977, cannot be selected by election on June 8, 1976, a date prior to the establishment of the district. Section 71080.5 provides for an election at a time prior to the establishment of a new judicial district but only if it is to be a municipal court district. The Legislature has thus departed from the general provisions of section 71080 to provide by special statute for an election which anticipates the establishment of a new judicial office in the case of a municipal but not a justice court district, and we can only conclude that the Legislature

---

[4]Section 71080.5 expressly provides: "Notwithstanding the provisions of Section 71080, where action is taken and has become effective at least 10 days before the declarations of candidacy as required by Article 1 (commencing with Section 25300) of Chapter 3 of Division 13 of the Elections Code to create, by consolidation, annexation, or otherwise, a judicial district having in excess of 40,000 residents in Shasta County, and where the consolidation, annexation, or other action is to be effective concurrently with the end of the term of the justice court judge or judges, the election immediately following the action shall be for the office or offices of municipal court judge for the new municipal court and any otherwise qualified person may be a candidate therefor."

intended that section 71080 not be construed to provide for a parallel election in the case of a justice court. Our view of the interrelationship of sections 71080 and 71080.5 thus forecloses any contention as made herein that section 71080 authorizes the selection of the judges of the three new Shasta County justice court districts by an election held prior not only to the vacancy but also prior to the establishment of the court wherein the vacancy is anticipated.

We conclude that although section 71080 is applicable in the instant situation, there nevertheless will be no judge who will qualify thereunder as a judge for any of the newly established justice courts on January 3, 1977. Section 71180.3 provides that in the event of a vacancy in the office of a justice court, such office shall be filled, at the option of the board of supervisors, by appointment by the board or by election at a special election to be called by the board in accordance with provisions of section 71180.3.

Let a peremptory writ of mandate issue. This order is final forthwith.