[Civ. No. 303. Fourth Appellate District.—March 29, 1930.]

R. H. WILLIAMSON, Petitioner, v. R. A. MOORE, as Justice of the Peace, etc., et al., Respondents.

Best & Best and J. L. Grantham for Petitioner.

R. A. Moore, *in pro. per.*, for Respondents.

BARNARD, J.—The petitioner herein filed an action, as. plaintiff, in the respondent Justice's Court, on September 3, 1929, demanding judgment for five hundred dollars, with interest at eight per cent from March 1, 1928, for one hundred dollars attorney's fees, and costs of suit. Said suit was based upon a promissory note made payable in said township. A summons was issued and served and the defendants defaulted. On October 18, 1929, petitioner, as such plaintiff in said action, appeared before L. J. Difani, as such Justice of the Peace, offered to make proof of the service of summons, and demanded the entry of judgment in his favor. Following the refusal of said Justice of the Peace to enter said judgment, or to accept jurisdiction in such action, this proceeding was begun by the filing of an appropriate petition. Petitioner alleges that at all times since September 1, 1929, said township of Riverside has had a population in excess of thirty thousand inhabitants.

Petitioner seeks a peremptory writ of mandate, directing and commanding respondent to forthwith hear the proof of petitioner, and if such proof be found sufficient, to enter judgment in favor of petitioner, and commanding the respondent to accept and exercise jurisdiction over said action. Proof having been made that the said L. J. Difani had, after the beginning of this proceeding, resigned as such Justice of the Peace, and that R. A. Moore is now the duly appointed, qualified and acting Justice of the Peace in the said township, after due proceedings had, an order was made by this court substituting the said R. A. Moore in the place and stead of the said L. J. Difani, as respondent Justice of the Peace in this proceeding. An answer was filed by the respondents admitting all of the allegations of the petition, except that it is denied that said township has a population in excess of thirty thousand inhabitants, or that it has had such a population at any time since September 1, 1929.

Upon stipulation of the parties, Earl W. Porter was appointed by this court as referee, to take evidence and determine the facts in regard to the population of said township, and report his findings to this court. His report and findings were filed herein on March 14, 1930, in which he found that the population of the township of Riverside, county of Riverside, state of California, was, on March 1, 1930, in excess of thirty thousand, and that at all times since August 1, 1929, the population of said township has been, and now is, in excess of thirty thousand. Said report and findings are accompanied by a statement of the evidence upon which they are based. All parties concerned have stipulated that the findings of said referee are correct, and that they may be adopted as the findings of this court. In accordance with such report and such findings, and upon the evidence submitted by the referee, in support thereof, this court now finds as a fact that the township of Riverside, county of Riverside, state of California, had, on March 1, 1930, a population in excess of thirty thousand, and that said township has had at all times since September 1, 1929, a population in excess of thirty thousand.

Under authority of the case of *County of Los Angeles* v. *Justice's Court of Beverly Hills Township et al.,* 208 Cal. 429 [281 Pac. 611], we hold that the respondent

Justice's Court of the said Township of Riverside, and the respondent Justice of the Peace thereof, must take jurisdiction of all matters coming within the jurisdiction prescribed by section 112 of the Code of Civil Procedure. And, although the same is not involved in this proceeding, since the population of said township is hereby found to be in excess of thirty thousand, it should also be stated that it is the duty of the respondent Justice's Court and the respondent Justice of the Peace thereof to accept and exercise as well, the jurisdiction conferred by section 1425 of the Penal Code of this state.

Let a peremptory writ of mandate issue, directed to and commanding the respondent, the Justice's Court of the Township of Riverside, Riverside County, California, and R. A. Moore, as Justice of the Peace of said township, to forthwith accept and exercise jurisdiction over the matter herein referred to, and to proceed to hear and determine such matter in accordance with the law.

Marks, Acting P. J., and Beaumont, J., *pro tem.*, concurred.